Tompkins, J.
This was a motion for a rule upon the-Circuit' Gdurt, to- show- cause why a manda-mus should not issue, commanding the said Circuit Court to quash an execution issued on a judgment in the above entitled suit. The facts upon which the motion was founded are, in substance, as follows: That in 1821 a judgment was rendered in the Circuit Court in the above cause against Potter, and an execution was issued thereon within a year and a day after the judgment, which was returned unsatisfied. One other execution was also issued-on the said judgment, and returned unsatisfied and then, after an interval of more than .a year and a day from- the return of the last execution, another execution was taken out on the said judgment, and a lot of land levied on, but on which no-sale has yet taken place. A motion was made in the Circuit Court, on the foregoing statement of facts, to quash the last execution, which motion was overruled. The point made is, that the last execution could not regularly have issued without a revival of the judgment by scire facias, more than a year and 'a day having intervened between the two last executions-
According to the English practice, no scire facias was necessary in the case. In 2 Tidd. prac. p. 1004, the rule is laid down, that where afierifacifls or ca. sa. is taken out within the year, and not executed, a new writ of execution may be isued out at any time afterwards without a scire facias, provided the first writ be returned, and continuances be entered from the time of issuing it, which continuance may be entered after the issuing of the second writ, &c. The same rule is laid. down in 9 Johns. Rep. 392, and the Court there say, the entering of the continuances may be done at any time, and is a thing merely of technical form, Sc.
The reason assigned why a scire facias is necessary when no execution has been issued within a year and a day after judgment, is, that a presumption of payment *369 arises. When a man commences his action for debt, it is presumed to be for the purpose of getting his money. If he takes no steps then oil his judgment for a year and a day after obtaining it, the presumption very fairly arises, that it is settled; but when an execution has been taken and returned unsatisfied, the presumption of payment does not afterwards arise, but rather that defendant cannot pay. We can see no use in having continuances of the executions entered. They do not operate to do away any presumption, as they may be entered at any time, even after execution issued and executed. If it is a thing of mere technical form, it may be dispensed with altogether. If the form of the continuances should be, however, thought necessary, they can be as well entered upon our records as upon the English rolls. We are, however, opposed to adopting fictions, unless some good end can he answered thereby.
We see no object to be answered in cases like the present- ■ The rule is, therefore, denied.