BOLTON, Appellant, vs. LANSDOWN, Respondent.

1. The provision in the practice act of 1849, that after the lapse of five years from the entry of judgment, an execution may be issued only by leave of the court on motion, with notice to the adverse party, applies to judgments rendered before the passage of the act, as well as subsequently.
2. It applies where an execution was sued out within five years, if five years have since elapsed.

*Appeal from Cole Circuit Court.*

This was a motion to quash an alias execution issued in 1854 without leave of court, upon a judgment rendered in May, 1847. It appeared that an execution issued upon the judgment in 1847 which was returned unsatisfied, and that no execution had since issued until the present. The motion to quash being sustained by the Circuit Court, the plaintiff appealed.

*Gardenhire*, for appellant. 1. The first and second sections of the 18th article of the practice act of 1849 only apply to actions subsequently brought. (See 1st section of 32d article of same act.) Even remedial acts never operate retrospectively "without express words or declaration plain of the intent of the legislature." (1 Tucker's Black. 3. 5 Monroe, 134. 33 Eng. Com. Law Rep. 249. 7 Johns. 477. 4 Gillman, 221. 15 Maine, 129. Kent's Comm.) 2. The 1st section of the 18th article only extends the common law period of a year and a day to five years, and the 2d section only substitutes a motion for the *scire facias* of 13 Ed. I. If execution issued within a year and a day, and was returned

not satisfied, a new action on the judgment, or a *scire facias* under 13 Ed. I, was unnecessary, (2 Tucker's Blacks. 337–8,) and there was no use of having continuances of the executions entered. (1 Mo. Rep. top p. 368. 6 Mo. 366. 9 Mo. 709.) So now, when issued and returned within five years, a motion is unnecessary.

*E. L. Edwards*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The words of the 2d section of the 18th article of the practice act, " after the lapse of five years from the entry of judgment, an execution may be issued only by leave of the court on motion, with notice to the adverse party," are general, without any limitation, and, of course, must be construed to embrace judgments existing at the time the act takes effect, as well as those thereafter rendered, unless there be some sufficient reason for putting a more limited construction upon them. The provision of the 32d article, that " the act shall not apply to actions brought before it takes effect," is referred to for this purpose, but cannot have the effect, unless we extend the meaning of the word " action" beyond its ordinary signification. It is said in Bacon's Abridgment, (1 vol. 46, note *b*,) " the suit, till judgment, is properly called an action, but not after, and therefore, a release of all actions is regularly no bar of an execution. (Co. Lit. 289, *a*. Roll. Abr. 291.)" It is thus seen that, in order to limit the general provision of the 2d section of the 18th article, so as to exclude cases falling within its ordinary meaning, we are asked to extend the words of the 32d article beyond their proper signification. We see no reason for doing so. The rule that laws are applicable to future and not to past transactions—" *nova constitutio futuris formam imponere debit non preteritis*"—to which we have been referred by the counsel for the appellant, has no application to this case, or, rather, there is no violation of the rule here. This is a regulation for future transactions, a new rule to be

thereafter observed in suing out executions upon judgments ; and, in order that the law may be uniform, the same rule is applied to all judgments, without any reference to the time when they were obtained, whether before or after the act took effect, or to the manner in which the suits were conducted that resulted in the judgments, whether according to the old or the new forms of procedure. Existing remedies for the future enforcement of all judgments, no matter when obtained or under what form of procedure, are thereby modified according to the wisdom of the legislature ; but no rights are touched in the slightest manner. The power of the legislature to pass such laws cannot be doubted, and is very frequently exercised, and we see no ground to question the propriety of it in this instance, even if that were a proper subject for our consideration.

It is argued, however, that even if this new rule be applicable to old judgments, it ought not to be applied in any case where an execution has been sued out within the five years, in analogy to the old law, and that an execution having been here taken out within a year after the date of the judgment, the statute ought not to be applied. We think otherwise, and do not consider ourselves at liberty, in this manner, to defeat the clearly expressed will of the legislature. At common law, no execution could be sued out upon a judgment after the expiration of a year and a day, unless an execution had been taken out within that time and returned, and other executions had been regularly sued out and returned from term to term, down to the last term ; the lapse of a year, under such circumstances, raising a presumption that the judgment was satisfied. (2 Tidd's Pract. ch. 41, p. 1031 ; ch. 43, p. 1154, 1155. 2 Bac. Abr. tit. "Execution," letter H.) Even a *scire facias* could not, under such circumstances, be sued out upon a judgment in a personal action, as it could upon a judgment in a real action ; but the party was put to a new suit upon his judgment, and it is this that was remedied by the statute of Westm. 2, 13 Edw. I, allowing a *scire facias* in such case.

(2 Bac. Abr. 693, 728, 729. 2 Tidd's Prac. ch. 43, p. 1152–1154.) This presumption of payment, from the lapse of time, was reasonable enough, and so was the ground upon which it was met and repelled, as the matter stood originally, and as long as the executions were, in fact, regularly taken out in good faith, with a view to enforce the payment of the judgment, and returned unsatisfied, from term to term, down to the last term ; but when this ceased to be the case, and in lieu of a real proceeding, a mere form was substituted, an award of execution upon the roll, and even this form itself was dispensed with, (*Dowsman* v. *Potter*, 1 Mo. Rep. 518,) the ground of the presumption was gone, and the presumption itself ought, perhaps, to have ceased with it. (*Seymour* v. *Greenville*, Carthew's Rep. 283.)

Certainly, however, we ought not to adopt this worn out rule in the construction of a new statute, which, after extending the year to five years, prohibits the issuing of any execution after that period, unless by leave upon motion, after notice to the adverse party. We cannot, and ought not, in this manner, partially repeal the statute, by declaring that the prohibition does not apply to a case like the present, where an execution has been sued out within the five years, although more than five years have since elapsed without any proceeding upon the judgment.

Let the judgment be affirmed ; Judge Scott not sitting.