[Criminal No. 320.   Filed March 19, 1913.]

[130 Pac. 891.]

## STATE OF ARIZONA, Appellant, v. JAKE MILLER, Respondent.

CRIMINAL LAW—APPEAL—ACQUITTAL—STATE'S RIGHT TO APPEAL.—
Penal Code of 1901, section 1038, provides that in all criminal actions the territory may appeal on questions of law alone, provided that the supreme court shall not reverse a judgment for defendant which operates as a bar to future prosecutions for the offense; and constitution, article 2, section 10, declares that no person shall be twice put in jeopardy for the same offense. *Held,* that section 1038 must be limited to the review of such errors only as may occur in proceedings before legal jeopardy attaches, since in case of an acquittal questions arising in the proceedings after jeopardy attaches become mere moot questions, concerning which the supreme court has no appellate jurisdiction; there being no "action" or "proceeding" within the constitutional provision conferring appellate jurisdiction after judgment.

APPEAL from a judgment of the Superior Court of the County of Navajo. Sidney Sapp, Judge. Dismissed.

The facts are stated in the opinion.

Mr. G. P. Bullard, Attorney General, Mr. Leslie C. Hardy, Assistant to Attorney General, Mr. J. E. Crosby, and Mr. George H. Crosby, Jr., for Appellant.

No appearance for Respondent.

ROSS, J.—The respondent was indicted for the crime of murder. He was tried by a jury and acquitted. While testifying in his own behalf, on his cross-examination, the district attorney asked the defendant this question, "Have you ever been convicted of a felony?" An objection to the question was sustained by the trial court, and the defendant was not required to answer. The state has appealed from this ruling of the court.

Paragraph 1038 of the Penal Code of 1901, provides that "in all criminal actions the territory may appeal to the

supreme court on questions of law alone: . . . Provided, that the supreme court shall not reverse a judgment in favor of a defendant which operates as a bar to future prosecutions for the offense."

*Territory* v. *Dowdy, ante,* p. 145, 124 Pac. 894, and *Territory* v. *Gomez, ante,* p. 139, 125 Pac. 702, were cases appealed to this court by the prosecution, after verdicts of acquittal, for the purpose of correcting prejudicial errors alleged to have been committed in the trial court, and that a correct and uniform administration of the criminal law might be established.

The question of our jurisdiction in those cases was not raised or argued by counsel. It was passed *sub silentio.* But some time after the opinions were handed down in those cases our attention was called by the attorneys in the Dowdy case to the decision in *United States* v. *Evans,* 213 U. S. 297, 53 L. Ed. 803, 29 Sup. Ct. Rep. 507. The rule announced in that case (to which we shall refer later) has prompted us to fully investigate the law bearing upon the questions involved in this appeal, and we shall record our conclusions unembarrassed by the determinations in the Dowdy and Gomez cases. In those cases we followed the practice of the territorial supreme court (*Territory* v. *Monroe,* 10 Ariz. 53, 85 Pac. 651) and assumed jurisdiction as a matter of course.

We may say, in the language of the court in *Cannon* v. *United States,* 116 U. S. 55, 29 L. Ed. 561, 6 Sup. Ct. Rep. 278: "The question of jurisdiction was not considered, in fact, in that case, nor alluded to in the decision, nor presented to the court by the counsel for the United States, nor referred to by either party at the argument or in the briefs."

The defendant in this case, on a sufficient indictment, before a competent court and jury, on the issue of his guilt or innocence, was acquitted. That ended the case, so far as he was concerned. The court that tried him was powerless to make any further order, except one of discharge. The trial court had exhausted its jurisdiction, both of the person and the subject matter. The judgment of acquittal was final. It is made so by our constitution (article 2, section 10): "No person shall . . . be twice put in jeopardy for the same offense."

Nor will any error of the trial court in the allowance or

rejection of evidence affect the result. As was said in *People* v. *Terrill,* 132 Cal. 497, 64 Pac. 894: "In such case the court has no authority to order a new trial, at the instance of the prosecution, for errors in the rulings . . . during the progress of the trial; and such new trial, if granted, would be vain and useless. . . . The rule is that if, through misdirection of the judge in matter of law, a verdict is improperly rendered it can never afterward, on application of the prosecution in any form or proceeding, be set aside. 1 Bishop's Criminal Law, sec. 665; *People* v. *Webb,* 38 Cal. 467; *People* v. *Horn,* 70 Cal. 17, 11 Pac. 470; *People* v. *Roberts,* 114 Cal. 68, 45 Pac. 1016."

Under this rule, which is the law in the federal courts and practically all of the state courts, our decision upon the question as to whether the trial court erred in not requiring the defendant to answer the question propounded can have no effect. Indeed, paragraph 1038 provides that there shall be no reversal of a judgment in favor of defendant which operates as a bar to future prosecutions for the same offense.

Then we are asked to pass upon a question of law that is pertinent to no issue, and in a case that is fully determined and settled. Before this court, it is purely *ex parte.* The defendant has lost all interest in it. He is as indifferent as to the outcome of the appeal as any other citizen, and has no more right to appear here and contest the law point. Indeed, should he appear, it would be only as *amicus curiae.* This apathy on his part was evidenced in the Dowdy and Gomez cases and in the present case. The court has had no assistance from defendant's counsel in either case by way of briefs or arguments. While the evident purpose of the statute, as shown by its language, is to establish a correct and uniform administration of the criminal law, it seems to us that it is not calculated to effectuate that purpose, unless the court is afforded the assistance of counsel on both sides of the question. The constitution gives this court appellate jurisdiction *"in all actions and proceedings,"* except civil actions at law, where the amount involved does not exceed $200. Without undertaking to define an "action" or "proceeding," suffice it to say that they imply a subject matter to be litigated, and parties plaintiff and defendant. 1 Cyc. 720 et seq. And while a contest in court to assert rights or prevent wrongs is prop-

erly designated an "action" until judgment, not so there-after, "for the judgment ends the action—*jus prosequendi in judicio.*" 1 Cyc. 716; *Bolton* v. *Lansdown,* 21 Mo. 399. We therefore conclude that we have no "action" or "proceeding" before us on this appeal, but purely an abstract question of law.

In the case of *United States* v. *Evans, supra,* the supreme court had before it precisely the same question on an appeal from the District of Columbia. The statute allowed the United States or the District of Columbia the same right of appeal as was given to the defendant, and provided that a verdict for the defendant should not be set aside. That court, in refusing to take jurisdiction, said: "The appellee in such a case, having been freed from further prosecution by the ver-dict in his favor, has no interest in the question that may be determined in the proceedings on appeal and may not even appear. Nor can his appearance be enforced. Without op-posing argument, which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard on all questions affecting their rights, and it is a harsh rule that would bind them by decisions made in what are prac-tically 'moot' cases, where opposing views have not been presented."

In *State* v. *Jones,* 22 Ark. 332, a like view is expressed, wherein it is said: "It must be apparent to every lawyer, that if such points of law are to be adjudicated, as can be reserved in criminal cases, without regard to their application in the cases in which they are made, and especially if to be consid-ered here, as this is presented, without argument, and without the assistance of counsel, such adjudications will be very un-satisfactory as abstract legal expositions, and of but little authority in cases whose decision does involve the honor and dignity of the state, and the life and liberty of those who owe allegiance to its laws. Questions of law that are reserved by the state in the trial of a case that puts the life or liberty of a defendant in jeopardy are as much abstract questions as if the circuit court should ask this court how to apply the law, and what the law is, upon any anticipated or suppos-able state of facts that may come under their review."

Our statute, in so far as the question before us is concerned, seems to be like the California statute, article 2068, section 481, volume 1, page 299, Hittell's Digest, and in the case of *People* v. *Webb,* 38 Cal. 467, 480, the court said: "And, further, the correct interpretation of our statute giving to the prosecutor a right to his bill of exceptions and appeal, when construed with reference to this provision [twice in jeopardy provision] of the constitution, must be understood to have reference to such errors only as may occur in the proceedings before the legal jeopardy attaches."

Such a construction of our statute does no violence to its language, and accords it meaning in line with the spirit and letter of our constitution and the decided cases of the courts of the land.

Since the decision in the Webb case, the legislature of California has amended the law of that state, so as to permit the prosecution to appeal from orders setting aside the indictment or information, or sustaining the demurrer thereto, or granting a new trial, or arresting judgment or an order after judgment affecting substantial rights of the people (Cal. Penal Code, sec. 1238), and eliminated the right of appeal after a verdict of acquittal. It is clear to our minds that this is as far as the legislature may go in according appeals to the prosecution under our constitution.

We therefore hold that we have no jurisdiction to entertain this appeal, and it is dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—As to the state's right to appeal after acquittal, see note in 48 Am. St. Rep. 213.