**STATE of Alaska, Appellant,**

· **v.**

**M. M. KEEP, District Magistrate, Fourth Judicial District, State of Alaska, Appellee.**

**No. 491.**

Supreme Court of Alaska.

Jan. 8, 1965.

Herbert D. Soll, Dist. Atty., and Stephen S. DeLisio, Asst. Dist. Atty., Fairbanks, for appellant.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The state has appealed from an order of the superior court dismissing its petition for review of the legality of several rulings made by the appellee magistrate. The rulings were made while appellee was acting as judge in a state magistrate court trying an accused on a charge of allowing a minor upon premises licensed for the sale of intoxicating liquor in violation of AS 04.15.060(e).

The principal fact is that on January 14, 1964, District Magistrate M. M. Keep, the appellee herein, entered an order directing a judgment of acquittal in the case of State of Alaska v. James H. Benton.

The sole error alleged is that the superior court erred in dismissing the petition for review on the ground that it lacked jurisdiction to grant the relief sought.

Appellant contends that the appellee committed at least three errors of law in rulings made during trial. All of the alleged errors have to do with the definition of the term "legal guardian" or the definition of the relationship between a guardian and a minor.

Appellant's argument is that it has numerous cases pending involving similar charges and that it will be filing many similar cases in the future. It contends that since the outcome of all of the cases will depend upon a correct and uniform application of the law by state magistrates, the superior court should grant review for the purpose of instructing the magistrates on the applicable law. Having no appeal[1] or other "plain, speedy or adequate remedy", appellant argues, it should be permitted review under Magis.Crim.R. 5.[2]

Appellant relies particularly on that portion of Magis.Crim.R. 5 which provides that an aggrieved party may also petition for review of any order or decision of a magistrate court where there is no appeal or other plain, speedy or adequate remedy, in the manner provided by Magis.Civ.R. 21.

An examination of Magis.Civ.R. 21 reveals that under section (a) review is avail-

1. AS 22.10.020 states in part:
"Appeals are a matter of right, except no appeal may be taken in a criminal case after a plea of guilty or by the state, except to test the sufficiency of an indictment or information."

2. Magis.Crim.R. 5 states:
"Petitions for review of any judgment and sentence claimed to be illegal for any cause, or for errors at law appearing on the face of the judgment or the proceedings in connection therewith, shall be filed with the superior court in accordance with Criminal Rule 35(b), and shall thereafter be under the supervision and control of such court. The court, or a judge thereof, may require of the magistrate such records, as provided in Magistrate Criminal Rule 1(i), as will enable the court to determine the matter.

"An aggrieved party may also petition the superior court for review of any order or decision of a magistrate court where there is no appeal or other plain, speedy or adequate remedy, in the manner provided by Magistrate Civil Rule 21.

"Hearings on petitions for review shall be upon the record, unless otherwise ordered by the court."

able to an aggrieved party where there is no appeal or other plain, speedy or adequate remedy, and where the magistrate or administrative agency appears to have exercised his or its jurisdiction, to the injury of some substantial right of such party.

Review is also available under that portion of Magis.Civ.R. 21(a) which states:

> "Relief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs may be obtained by petition for review under the practice prescribed in these rules."[3]

Section (b) of this rule provides that review shall not be a matter of right, but shall be available only where at least one of certain stated conditions exist.[4]

■ Appellant has not attempted to justify its request for review by relating it to one of the conditions governing the granting of review and stating why that condition applies. This should always be done when requesting the court to exercise its discretion by applying this extraordinary procedure.

■ Appellant has not attempted to show that it would have had access to the appellate court by the use of any of the various writs that were available prior to the adoption of Magis.Crim.R. 5 and Magis.Civ.R. 21. Where this is the basis of a request for review it should be so stated in the petition

with particularity and supported by authorities.

The particular action which was being tried was criminal in nature.[5] Appellant state contends that the magistrate made rulings based on an erroneous conception of the law of guardianship which resulted in a directed judgment against the state and in favor of the accused. If review had been granted and the superior court had found that the magistrate applied erroneous interpretations of the law, it would not have been free to reverse the directed judgment for this would have amounted to permitting the state to accomplish indirectly what it is prohibited from doing by statute.

■ Neither Magis.Crim.R. 5 nor Magis. Civ.R. 21 was intended to provide the state with a method of reviewing a criminal trial even though it may not have an "appeal or other plain, speedy or adequate remedy" to use appellant's language. The legislature did not intend that the state should have the right to appeal a criminal case and said so in unambiguous language.[6] If the legislature had intended that the state have some other analogous or related right or remedy with respect to criminal cases we assume that it would have said so in the same statute in which it prohibited the state from appealing criminal cases.

The order dismissing the petition for review is affirmed.

---

3. This provision gives the state easy and immediate access to the appellate court where such access was available to it through the use of the various writs prior to the adoption of these rules. See State v. Salinas, 362 P.2d 298, 300 (Alaska 1961), where review was used by the state to question the jurisdiction of the trial court. Writs in the nature of mandamus or prohibition were used for this purpose prior to the adoption of these rules.

4. Magis.Civ.R. 21(b) states:
   "*Considerations Governing Review.* A review shall not be a matter of right, but will be granted only:
   "(1) Where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure

by way of appeal and to require the immediate attention of the superior court;
   "(2) Where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or·
   "(3) Where the magistrate court or administrative agency has so far departed from the accepted and usual course of judicial or administrative proceedings, as to call for the superior court's power of supervision and review."

5. AS 04.15.060(e) provides that a violation of its provisions shall be a misdemeanor.

6. AS 22.10.020 quoted note 1 supra.