**STATE of Alaska, Appellant,**

v.

**M. M. KEEP, District Magistrate, Fourth Judicial District, State of Alaska, Appellee.**

**No. 491.**

Supreme Court of Alaska.

Dec. 31, 1965.

Thomas E. Fenton, Dist. Atty., and Stephen S. DeLisio, Asst. Dist. Atty., Fairbanks, for appellant.

William V. Boggess, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND, J.

NESBETT, Chief Justice.

In our opinion No. 269 in this case we held that the state had no right to petition the superior court for review of a judgment of acquittal rendered by a district magistrate court.

The state had argued that the magistrate had committed at least three errors of law in his rulings during the trial and had then granted a judgment of acquittal to the defendant. It was pointed out that numerous cases were pending involving similar charges and that the proper outcome of all of the cases would depend upon a correct and uniform application of the law. For this reason, the state argued, it should be permitted, under the provisions of Magis. Crim.R. 5 and Magis. Civ.R. 21, to have the superior court review the proceedings had before the magistrate for the purpose of instructing all magistrates on the applicable law.

We held that Magis. Crim.R. 5 and Magis. Civ.R. 21 were not intended to provide the state with a method of reviewing a criminal trial and that in enacting AS 22.10.020(a), which provides that the state shall have no right of appeal in a criminal case except to test the sufficiency of the indictment, the legislature could not be presumed to have intended that the state have any analogous or related right to that of appeal.

Only an appellant's brief had been filed when this appeal was first considered. Rehearing was granted on the state's representation that we had misconstrued a portion of its argument and the legislative intent behind AS 22.10.020. Special counsel was employed by the court to prepare an appellee's brief on rehearing.

We have studied the briefs submitted and have concluded that no reason has been presented for changing any portion of our original decision.

The state's main argument in essence is that the sole intent of the legislature in enacting AS 22.10.020 [1] was to implement that part of Art. I, Sec. 9 of the Alaska Constitution which states: "No person shall be put in jeopardy twice for the same offense."

It points out that in petitioning the superior court for review of the judgment rendered in the magistrate court, the state did not request or contemplate that such review would in any manner affect the status of the defendant who had been acquitted, by subjecting him to double jeopardy. What the state desired was an authoritative review of the proceedings had in the magistrate court and a pronouncement of the controlling law by the reviewing court, so as to insure a uniform application of the law in the future by all magistrate courts concerned with the same legal questions. The relief sought, appellant says, is similar to that provided by the declaratory judgment statute. [2]

The state has referred us to jurisdictions which have by statute provided for certification of legal issues to the supreme court, requiring it to render advisory opinions on questions of law arising in criminal cases, even though there may have been a judgment of acquittal. These and other pertinent authorities will be discussed in the following paragraphs.

A Wyoming statute is discussed in State ex rel. Gibson v. Cornwell [3] which authorized the prosecution to present bills of exceptions to the supreme court in criminal cases. If that court in its discretion agreed to review the questions presented, the trial judge was authorized to employ competent counsel to present argument in opposition. In recent decisions the Supreme Court of Wyoming has denied the state the right of direct appeal where the sufficiency of the indictment was at issue, holding that the statutory bill of exceptions provided the only method for the state to obtain review. [4] Apparently review is still discretionary with the court.

---

1. The pertinent portion of AS 22.10.020(a) states:
   \* \* \* Appeals are a matter of right, except no appeal may be taken in a criminal case after a plea of guilty or by the state, except to test the sufficiency of an indictment or information. \* \* \*

2. The declaratory judgment statute is AS 22.10.020(b) which states:
   In case of an actual controversy within the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought. The declaration has the force and effect of a final judgment or decree and is reviewable as such. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against an adverse party whose rights have been determined by the judgment.

3. 14 Wyo. 526, 85 P. 977 (1906).

4. State v. Benales, 365 P.2d 811 (Wyo. 1961); State v. Ginther, 53 Wyo. 17, 77 P.2d 803 (1938).

In State v. Miller [5] an Arizona statute is discussed which provided that the state could appeal in criminal actions on questions of law alone but that the court should not reverse a judgment for defendant. The constitution provided that no person should be twice put in jeopardy for the same offense. It was held that the statute must be limited to review of such errors only as may occur in the proceedings before legal jeopardy attaches. The court reasoned that after an acquittal, questions which arose in the proceedings after jeopardy had attached became moot questions, concerning which the supreme court had no appellate jurisdiction because there was no "action" or "proceeding" under the constitutional provision conferring appellate jurisdiction. The court cited several early California cases as authority [6] but appears to have relied particularly on United States v. Evans [7] where a statute enacted by Congress for the District of Columbia provided that the District or the United States should have the same right of appeal as the defendant except that if error was found, a verdict in favor of the defendant should not be set aside. The act of Congress was held invalid on the ground that federal courts were only required to decide controversies brought before them in legal form.[8]

A comprehensive annotation in 92 A.L.R. 1137 (1934) reveals that in by far the majority of state courts the prosecution is permitted to obtain review of a decision quashing or dismissing an indictment or information. The full extent to which the prosecution's right of appeal exists in each jurisdiction is not indicated in the annotation and we have not found the matter covered in any other research effort.

■ It is our belief, however, that the prosecution's right to appeal or review is generally limited to decisions quashing or dismissing indictments or arresting judgments. We are of the further belief that the legislature of Alaska was aware of the general limitation on the state's right to appeal or review when it enacted AS 22.-10.020; that it had no unexpressed intent in this respect and intended that the state have the right of appeal or review only "* * * to test the sufficiency of an indictment or information. * * *"

The state argues that although some states have provided for appeal or review

---

5. 14 Ariz. 440, 130 P. 891 (1913).

6. People v. Roberts, 114 Cal. 67, 68, 45 P. 1016 (1896); People v. Horn, 70 Cal. 17, 11 P. 470 (1896); People v. Webb, 38 Cal. 467 (1869). The matter has been covered by statute in California since 1872, though frequently amended.
Sec. 1238 California Penal Code now states:
§ 1238. [Decisions from which the people may appeal.] An appeal may be taken by the people:
1. From an order setting aside the indictment, information, or complaint;
2. From a judgment for the defendant on a demurrer to the indictment, accusation or information;
3. From an order granting a new trial;
4. From an order arresting judgment;
5. From an order made after judgment, affecting the substantial rights of the people;
6. From an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed.

7. 213 U.S. 297, 29 S.Ct. 507, 53 L.Ed. 803 (1909).

8. See 18 U.S.C.A. § 3731 which provides that an appeal may be taken by the United States from the district courts direct to the Supreme Court in all criminal cases setting aside an indictment or information based upon the invalidity or construction of the statute upon which founded; from a decision arresting judgment of conviction for insufficiency of the indictment or information, based upon the invalidity or construction of the statute upon which founded and from a decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy. Where decisions in the above noted instances are not based upon the invalidity or construction of the statute upon which the indictment or information is founded, the appeal shall be taken to a court of appeals.

by statute, no decision which came to its attention held that such review could not be provided for by court rule. From this premise the state argues that provision for review of the type requested in this case has been provided by Magis.Crim.R. 5 and that its petition for review was based entirely on the provisions of that rule.

Magistrate Criminal Rule 5 states:

Petitions for review of any judgment and sentence claimed to be illegal for any cause, or for errors at law appearing on the face of the judgment or the proceedings in connection therewith, shall be filed with the superior court in accordance with Criminal Rule 35 (b), and shall thereafter be under the supervision and control of such court. * * *

An aggrieved party may also petition the superior court for review of any order or decision of a magistrate court where there is no appeal or other plain, speedy or adequate remedy, in the manner provided by Magistrate Civil Rule 21. * * *

Counsel for appellee points out in his brief that counsel for the state has taken considerable liberty with the provisions of this rule in setting out in its brief a proposed interpretation for the guidance of this court.

For example "judgment and sentence" in the first two lines of the rule becomes "sentence *or* judgment". "Errors at law appearing on the face of the judgment or the proceedings" reads "errors of law appearing on the face of the judgment or *in* the proceedings".

Based upon the transposition and variance, appellant then argues that a petition for review may be founded upon any illegal sentence *or* any judgment or upon errors of law appearing on the face of the judgment or *in* the proceedings connected with said judgment.

Appellee correctly notes that reference in the rule to Criminal Rule 35(b) has more significance than to merely prescribe the form and time limitations for a petition for review as is suggested by the state. Since 35(b) was designed to give relief to a prisoner under sentence, the wording of the rule "Petitions for review of any judgment *and* sentence claimed to be illegal for any cause * * *." [Emphasis supplied.] was intended to afford relief only to a defendant who had been convicted in the magistrate court. The state was never intended to be an "aggrieved party" as that term is used in paragraph two of Magis. Crim.R. 5.

The state argues that there is a distinction between appeal and review of the type sought in the petition in this case. The fundamental difference being that in the case of appeal the tribunal by which the first determination was made is not a party to the review by appeal, where in an action to review, the tribunal which made the first determination is a party to the proceeding.

It is pointed out that AS 22.10.020(a) which defines the jurisdiction of the superior court states in part:

* * * The superior court and its judges may issue injunctions, *writs of review,* mandamus, prohibition, habeas corpus and all other writs necessary or proper to the complete exercise of its jurisdiction. * * * [Emphasis supplied.]

This, the appellant argues, is a recognition by the legislature that the limitation on the state's right of appeal, provided for further on in the same section, does not apply to the petition for review.

We do not agree. As counsel for appellee points out, the term "writs of review" as that term is used in AS 22.10.-020(a) should be considered to be synonymous with the writ designated at one time as the writ of certiorari.[9]

9. See § 57-2-1 ACLA (1949).

Running throughout the decisions dealing with the right of the state to appeal is criticism of a procedure which permits appeals on moot questions where generally only the state is interested in conducting research and preparing a brief on the particular question involved. In United States v. Evans [10] the court stated:

The appellee in such a case, having been freed from further prosecution by the verdict in his favor, has no interest in the question that may be determined in the proceedings on appeal, and may not even appear. Nor can his appearance be enforced. Without opposing argument, which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard on all questions

affecting their rights, and it is a harsh rule that would bind them by decisions made in what are practically 'moot' cases, where opposing views have not been presented.[11]

■ The case before us is an example of the problem mentioned in United States v. Evans. The defendant in the magistrate court had been granted a judgment of acquittal and had no further interest in the case. As a result, no presentation was made in opposition to the state's petition for review in the superior court or in this court when the case was originally considered. In order to obtain a brief in opposition to that of the state on rehearing it was necessary to employ counsel for that purpose at the current hourly rate.

Our previous decision in this case is affirmed.

RABINOWITZ, J., did not participate.

10. Supra note 7, 213 U.S. at 300–301, 29 S.Ct. at 508, 53 L.Ed. at 804–805.

11. To the same general effect: State v. Miller, supra note 5, 130 P. at 892; State v. Jones, 22 Ark. 331, 332 (Reported in State v. Miller, supra); But see State v. Robbins, 221 Ind. 125, 46 N.E.2d 691, at 693 (1943) where, with respect to the questions presented by the state's appeal being moot, the court said: * * * This is true of any question reserved under this statute. But for two thirds of a century such appeals have been authorized by the legislature and acted upon by this court. * * *