STATE of Alaska, Appellant,

v.

Howard L. GIBSON, Appellee.

No. 2415.

Supreme Court of Alaska.

Dec. 8, 1975.

---

---

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Richard B. Collins, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

Howard L. Gibson was indicted under Alaska's negligent homicide statute, AS 11.15.080. The indictment was in two counts and charged Gibson with killing two individuals by operating a motor vehicle in a culpably negligent manner. Both counts charged Gibson with exactly the same unlawful conduct, i.e., driving on the wrong side of the road, in violation of 13 AAC 02.050, and driving while under the influence of intoxicating liquor, in violation of AS 28.35.030. The counts in the indictment differed only in that Gibson was charged with the death of different people.

Gibson pleaded nolo contendere to both counts of the indictment. At the sentence hearing the superior court, after considering the various goals of sentencing as enunciated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), sentenced Mr. Gibson to three years imprisonment with two years suspended. The superior court rejected the State's argument that Mr. Gib-

son should have received two consecutive sentences—one for each count of the indictment. Relying on *Thessen v. State*, 508 P.2d 1192 (Alaska 1970), the superior court correctly held that since Mr. Gibson did not intend to harm anyone, it would be a violation of Alaska's double jeopardy prohibition (Alaska Constitution, Article I, Section 9), to impose multiple punishments for Gibson's single act, i. e., having driven a motor vehicle in a culpably negligent manner.

The State has now appealed the trial court's imposition of sentence. The State urges that this appeal is a sentence appeal, but it thereafter asserts that it does not contend that the sentence imposed on Mr. Gibson was too lenient. The appellant, of course, does not contend that it was excessive. This raises a jurisdictional question in regard to whether the State can appeal the trial court's imposition of sentence.

▇ Pursuant to AS 22.05.010, the Alaska Supreme Court has jurisdiction to hear sentence appeals. AS 22.05.010(b) provides:

The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state. For the purpose of considering appeals of sentences on these grounds, the supreme court may sit in divisions.

In addition, AS 12.55.120(b) provides:

A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the

state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

In examining these above two provisions, it is evident that the State has the right to appeal a sentence only if they contend that the sentence imposed was too lenient. However, in the instant case the State does not challenge Mr. Gibson's sentence on the ground that it was too lenient. Thus there appears to be no jurisdiction for this appeal under the sentence review statute.

The only other provision discussing the right of the State to appeal is found in AS 22.05.010(a), which provides that "An appeal to the supreme court is a matter of right, except that the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment or information . . . ." [1] Alaska Rule of Appellate Procedure 5 reiterates the legislative policy against the State's right to appeal in criminal cases.[2] This provision is construed in the twin cases of *State v. Keep*[3] to limit the right of the State to appeal to those grounds set forth in the statute,

It is our belief, however, that the prosecution's right to appeal or review is generally limited to decisions quashing or dismissing indictments or arresting judgments. . . .[4]

▇ These limitations are based on the concept that an appellee who is acquitted or who receives a sentence which the State concedes is proper will generally not

---

1. For a definition of what constitutes "sufficiency of an indictment," see *State v. Shelton*, 368 P.2d 817 (Alaska 1962).

2. Alaska Rule of Appellate Procedure 5 provides:

An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, ex-

cept that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or on the ground that the sentence is too lenient.

3. 397 P.2d 973 (Alaska 1965) ; 409 P.2d 321 (Alaska 1966), Cf. *State v. Browder*, 486 P. 2d 925 (Alaska 1971).

4. 409 P.2d at 323.

appear in the case to present argument,[5] nor can his appearance be compelled. Thus though the issue has for all intents and purposes become moot as far as the defendant is concerned, this court would be called upon to lay down rules that could be of vital interest to all persons subsequently brought to trial.[6] While the State has an interest so far as the law to be applicable in the future is concerned, there is no present case or controversy to be determined. We decline to issue declaratory opinions based on such considerations.

The appeal filed by the State of Alaska is dismissed.

BURKE, J., not participating.

RABINOWITZ, Justice (dissenting).

I dissent from the court's holding that the state is precluded from appealing the sentence in the case at bar. Nor can I join in the court's reaffirmation of *Thessen v. State*, 508 P.2d 1192 (Alaska 1970).

AS 12.55.120(b) provides that: "A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the state on the ground that the sentence is too lenient." The state contends that the superior court erred in concluding that *Thessen* precluded the imposition of multiple convictions and sentences in the circumstances of the instant case. The gist of the state's position is that the single sentence meted out by the superior court is "too lenient" for the reason that multiple judgments of conviction and sentences were both authorized and warranted as proper sanctions for the killings of Janet and Dennis Carlson. I agree

that "leniency" must be judged realistically to refer to aspects of sentencing arising as a result of conviction other than simply length. Thus, I am led to the conclusion that the state's appeal is within the ambit of AS 12.55.120(b) and therefore not subject to dismissal.

Further, I think it appropriate to voice my dissent from the majority's explicit reaffirmation of the double jeopardy holdings enunciated in *Thessen*. For the reasons stated in my dissent in *Thessen*, I would hold that the sentencing court was not precluded from imposing separate sentences upon Gibson's plea of nolo contendere to two counts of negligent homicide.[1]

---

5. *United States v. Evans*, 213 U.S. 297, 300–301, 29 S.Ct. 507, 53 L.Ed. 803, 804–05 (1909).

6. Double jeopardy prevents retrial of all persons acquitted in the trial court. Only where a guilty verdict rendered in the trial court has been reversed on appeal in the superior court (when that court is acting as an intermediate appellate court) can the State appeal not guilty verdicts to the Supreme Court. See *State v. Marathon Oil Company*, 528 P.2d 293 (Alaska 1974).

1. Alaska's negligent homicide statute, AS 11.15.080, reads where pertinent, "Every killing of a human being by the culpable negligence of another . . . is manslaughter, and is punishable accordingly." *Thessen* involved prosecution under AS 11.15.040, which provides in part: " . . . a person who unlawfully kills another is guilty of manslaughter." For purposes of my analysis of the double jeopardy issues in this case, I discern no difference between the effect of AS 11.15.040 and AS 11.15.080.