UNITED STATES v. BOZARAVITCH et al.

(Fourth Division. Fairbanks. February 14, 1910.)

No. 1406.

CRIMINAL LAW (§ 90*)—JUSTICE OF THE PEACE—JURISDICTION IN
ALASKA.

The defendants were arrested for a violation of section 49 of
"An act to codify, revise, and amend the penal laws of the
United States," approved March 4, 1909 (Act March 4, 1909, c.
321, 35 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 1604]), providing
a penalty for cutting and disposing of timber on the public lands
of the United States. Defendants were brought before a justice
of the peace in Alaska for preliminary examination, and de-
manded trial under the section 410 of the Alaska Code of Crim-
inal Procedure, which gives a justice of the peace jurisdiction
to try "any misdemeanor punishable by imprisonment in the
county jail, or by fine, or by both." *Held*, the justice court in
Alaska is a court of limited jurisdiction, and has no jurisdiction
to try offenses other than those within the limits of its jurisdic-
tion found in and denounced by the Alaska penal statutes which
specially confer power on that court. It has no jurisdiction to
try persons accused of violation of general penal laws of the
United States, though the penalty may be within the limit of the
jurisdiction conferred on such justice courts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§
129–136; Dec. Dig. § 90.*]

On petition of the defendants in cause of United States v.
Bozaravitch et al., held to answer before the grand jury at
this term for a violation of section 49 of the codified laws of
the United States by the United States commissioner and ex
officio justice of the peace in and for Fairbanks precinct, for
writ of habeas corpus. Petition denied.

Louis K. Pratt, of Fairbanks, for petitioners.

James J. Crossley, Dist. Atty., of Fairbanks, for the Unit-
ed States.

LYONS, District Judge. Another question submitted to me
a few days ago is the matter of the petition of Bozaravitch
et al. v. United States, for a writ of habeas corpus.

Bozaravitch and others were taken before the commissioner for this precinct for violating section 49 of the codified laws of the United States (35 Stat. 1088), which section penalizes the taking of timber from the public domain and selling it without the permission of the United States. On being taken before the commissioner for a preliminary hearing, the defendants asked for a trial on the ground that the commissioner, as justice of the peace, had jurisdiction of the offense and insisted that, if he had jurisdiction to try the case, he had no jurisdiction to hold the defendants to answer the charge, and he should have proceeded to try the case himself or to grant a trial by jury if the defendants demanded it.

The section of the codified laws under which the prosecution was initiated provides that the penalty for a violation thereof shall be a fine of not more than $1,000 or imprisonment not more than one year, or both. Counsel for the defendants insists that the commissioner had jurisdiction of the crime as justice of the peace under section 410 of the Code of Criminal Procedure for Alaska, which provides:

"That a justice's court has jurisdiction of the following crimes: First, larceny, where the punishment therefor may be by imprisonment in the county jail or by fine; second, assault, or assault and battery, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous weapon, or upon a public officer in the discharge of his duties; and, third, of any misdemeanor punishable by imprisonment in the county jail, or by fine, or by both."

And counsel for the defendants contends, with considerable reason, that the commissioner under that section had jurisdiction of the offense charged.

The Congress of the United States passed an act in 1909, which is "An act to codify, revise and amend the penal laws of the United States" (35 Stat. 1088), and section 340 of that act provides that the crimes included in the title shall be cognizable in the courts of the United States, as prescribed in sections 563 and 629 of the Revised Statutes.

Counsel for the government contends that there are two separate sets of criminal laws applicable to Alaska, one the laws specially enacted by Congress for the district and con-

tained in the Penal Code, which laws are the local laws of Alaska, and apply only to Alaska, and the other the general penal laws which apply throughout the United States. and in Alaska as a part of the United States, and particularly that portion of such general laws which refer to the protection of the public domain of the United States—the land laws and timber laws—made applicable not only to the United States but to all the territories of the United States. As a result of this duality of criminal law made applicable to the territory of Alaska, counsel for the government contends that the general laws of the United States in Alaska are enforceable only in courts of record; that is, that, when they are enforced in the territory, they should be enforced in the same character of court (that is, one of general jurisdiction) as in case of Circuit and District Courts of the United States, which jurisdiction was given to the District Courts of Alaska by the Congress.

It is a question which is not very easily solved to my satisfaction; but since the justice's court is one of limited jurisdiction, and since that is a court having no powers excepting those specifically conferred upon it by statute, without any inherent power whatever—a court whose life and very existence is dependent upon statute—no inferences can be indulged in favor of jurisdiction whenever it is brought in question. It seems to me a fair construction of the statute that when the Penal Code was enacted by Congress for Alaska, and when the justice's courts were given certain jurisdiction by the Code of Criminal Procedure, it referred only to the crimes specified in that act. It does not seem to me to be a fair inference to say (and it can be said only by inference) that the act had also reference to the general laws of the United States which might be applicable to this jurisdiction.

I would be very much pleased if I could construe the statute to confer jurisdiction upon the commissioner as justice of the peace, because that court has more time to deal with such infractions of the law than this court. But owing to the structure and organization of that court, and its entire dependence upon the statute for its life and jurisdiction, unless

jurisdiction is specifically conferred it must be conceded that it is without jurisdiction. This further analogy may be drawn: It is true, as counsel contends, that, if the only courts for the enforcement of the general laws of the United States within the United States are District and Circuit Courts of the United States, United States commissioners have no jurisdiction to try such cases whatever, and that, when the United States conferred that power on the Circuit and District Courts, it was merely reciting something that must inevitably be true, because there would be no other courts in which a violation of those laws could be prosecuted. They could not be prosecuted in the state courts, because such courts have no jurisdiction to enforce the laws of the United States. Nevertheless, it seems to me a fair analogy to draw that the laws of the United States applicable to the district of Alaska and the local laws enacted specially for the district are in a measure similar to the laws of a state and the United States laws within the state.

I realize, of course, that there is no exact comparison between a state as an entity and a territory which is merely the creature of Congress. Nevertheless, it is fair to say that a court of limited powers must deal only with offenses under the local statutes, unless the statute specifically provides that it shall also deal with the general laws of the United States. And it seems from a reading of the section of the general statutes conferring jurisdiction for the enforcement of these laws upon Circuit and District Courts, and also upon this court having like jurisdiction, that, wherever it is necessary to enforce a general law of the United States in the territories, there was no intention on the part of Congress to confer jurisdiction upon a court of limited jurisdiction, to wit, the commissioner's court or justice of the peace, a forum which is without jurisdiction except as specifically delegated. In other words, before a court would be justified in holding to the contrary, there should be an express statute to the effect that, in territories and districts where the general laws of the United States are applicable, they may be enforced in courts of limited jurisdiction. There being no such statute, my judgment

is it is fair to assume that Congress did not intend that the commissioner, as ex officio justice of the peace, should, under section 410 of our Code before referred to, have jurisdiction to entertain violations of the general laws of the United States, notwithstanding the penalty for such violations might not exceed the penalty over which the commissioner's court has jurisdiction, if there were a violation of a local law.

That is the view I have been forced to take, although, as I say, 1 would much prefer if the commissioner's court, sitting as justice of the peace, had the power to try these infractions of the law, because it would relieve this court of a good deal of work; and this court, unfortunately, is not in a position to give as much time to these matters as is the commissioner's court.

The petition should therefore be denied; and it is so ordered.