**OLSEN v. TODD**, United States Marshal, et al.
No. S-391.

District Court of Alaska. Third Division. Valdez.
Nov. 5, 1935.

R. E. Baumgartner, of Seward, for plaintiff.

J. W. Kehoe, U. S. Atty., of Seward, for defendants.

HELLENTHAL, District Judge.

This matter came on for hearing upon a petition for writ of habeas corpus on November 2, 1935, at Valdez, Alaska. The petition asserts that the plaintiff is imprisoned at Unalaska Federal jail by the defendants; that said petitioner is not imprisoned or restrained by virtue of a legal judgment of a competent tribunal, civil or criminal, or by virtue of an execution regularly and lawfully issued upon such judgment.

In paragraph three of the petition it is set forth that the plaintiff is restrained by virtue of a purported judgment issued by one Jack Martin, United States Commissioner and ex officio justice of the peace for Aleutian Island Precinct, Third Division, Territory of Alaska, on the 14th day of September, 1935, in a case then pending entitled "The United States of America v. J. P. Olsen also known as Peter Olsen, defendant" a certified copy whereof is attached to and made a part of said paragraph, which said judgment is in words and figures as follows, to-wit:

"In the Justice's Court
"For the Precinct of Aleutian Islands, at Unalaska
"District of Alaska, Third Division

"United States of America          ⎫ No. 160
                vs.                 ⎪
"J. P. Olsen: also known           ⎬
as Pete Olsen                       ⎪
                     Defendant ⎭ Certified Copy of Judgment

"On the 14th day of September, 1935, the above named J. P. Olsen; also known as Pete Olsen, having been

16

brought before me, Jack Martin a Commissioner and ex officio Justice of the Peace, in a criminal action for the crime of Misdemeanor, Vio. Sec. 4779, C.L.A.1933, assault and battery and the said J. P. Olsen; also known as Pete Olsen having thereupon pleaded "..... Guilty," and been duly tried by the court and upon such plea duly convicted, I have adjudged that he be imprisoned in the jail at Unalaska for a term of four months ........... and that he pay a fine of One Hundred Fifty and no/100 .......... Dollars and that he pay the costs of the action taxed at ..... Dollars and be imprisoned in such jail until such fine and costs be paid, not exceeding ................ days.

"Defendant ordered released pending his appeal upon posting Undertaking for Bail in the sum of $1000.00. Undertaking approved, and defendant ordered released.

"Jack Martin
"Commissioner and Ex Officio Justice
of the Peace"

The petition then sets forth several other matters many of which it is not necessary for us to notice, but does set forth that the said plaintiff plead guilty upon an understanding with the said commissioner that he would allow the plaintiff a right to appeal; that petition for appeal was allowed by the justice,. as well as the bond on appeal; that thereafter upon the suggestion of the District Attorney the plaintiff was again placed in jail.

■■ It is claimed that the judgment set forth in full herein is absolutely void. In this we can not agree with the attorney for the plaintiff, and are of the opinion that the part relating to the appeal and the approving of the appeal bond was beyond the power of the Commissioner, and for that reason is of no force and effect, but that the rest of the judgment is valid.

"Where the sentence exceeds the authority of the court, at most only the excess will be void; the legal portion of the sentence cannot be attacked on that ground in habeas cor-

· pus proceedings." Gozovich v. Sullivan, 7 Alaska 197, and authority cited.

■ The petition does not state how the plaintiff was placed in custody, except that it was done at the instigation of the United States Attorney, and that fact is not material.

"Prisoner will not be discharged in habeas corpus proceeding for defect in original arrest or commitment, where the government shows sufficient ground for his detention." Wolck v. Weddin, 9 Cir., 58 F.2d 928.

For the reasons stated the court is of the opinion that the writ of habeas corpus should be denied. The District Attorney may prepare an order denying the writ, allowing the plaintiff an exception.