STATE of Alaska, Appellant,

v.

Frank Matthew SHELTON, Appellee.

No. 59.

Supreme Court of Alaska.

Jan. 11, 1962.

Rehearing Denied Feb. 28, 1962.

William Taylor, Dist. Atty., Fairbanks, Robert C. Erwin, Dist. Atty, Nome, for appellant.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

██ Shelton was indicted and went to trial on a charge of second degree murder. At the close of the state's case he moved for a judgment of acquittal on the ground that the evidence was insufficient to sustain a conviction. The motion was denied. He then moved to dismiss the indictment on the ground that it was based on perjured

testimony. This motion was granted, the indictment was dismissed, and the state has appealed.

What has been characterized as "perjured testimony" consisted of inconsistent statements made by Mrs. Joan Nokes, widow of the deceased. Before the grand jury she had testified that Shelton had hit her husband and knocked him down, and then killed him by shooting him four times while he was flat on his back. At the trial she testified that the first two shots were fired, not while her husband was on his back, but while he was on his hands and knees attempting to regain his balance after having been knocked down. Thus, the variance in her testimony had to do only with the position of her husband's body when the first two shots were fired. The witness admitted the inconsistency at the trial. She stated that the first version of the shooting was the one she told the police because it was all she remembered at the time, and thought it was correct. She recalled it was incorrect at the time she appeared before the grand jury, but was reluctant to change her story for fear that they would think she was lying.

The Alaska constitution provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, * * *."[1] This language is identical with a like provision in the Fifth Amendment to the federal constitution. In 1956 the Supreme Court of the United States said that "Neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act", and that "An indictment returned by a legally constituted and unbiased grand jury, like an informa-

tion drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."[2]

That language, literally applied to this case, would mean that the judge should not have dismissed the indictment—there being no showing that the grand jury was not legally qualified nor that it was biased. But the situation here is not apposite to that in Costello v. United States. There the court was considering the single question of whether a defendant should be required to stand trial and a conviction be sustained where only hearsay evidence was presented to the grand jury which indicted him.[3] Here we are considering the question of whether a defendant must stand trial when one of five witnesses, who testified before the grand jury and implicated the defendant in the criminal event, testified at the trial somewhat at variance with the testimony she gave when before the grand jury. The issue here is one of sufficiency of the evidence, and not as in Costello, that of competency.

■ The state relies heavily on the Costello decision. But the broad declaration made in that case, not considered in relation to the factual situation there presented, would appear to preclude the dismissal of an indictment even where it appeared that "no evidence had been offered that rationally established the facts"[4], or that the indictment was returned "substantially upon evidence which was untrustworthy".[5] We would have serious misgivings about concurring in such a result; for in the extreme and yet conceivable situation it could mean that a defendant would be obliged to stand the expense and humiliation of a public trial where the grand jury had acted either on no evidence at all or

1. Alaska Const. art. I, § 8.

2. Costello v. United States, 350 U.S. 359, 362–363, 76 S.Ct. 406, 408, 100 L.Ed. 397, 401–403 (1956).

3. Costello v. United States, supra note 2, at 359, 76 S.Ct. 406, 409, (100 L.Ed. at 400.).

4. Judge Learned Hand wrote the opinion in the Costello case when it was decided by the United States Court of Appeals for the Second Circuit. He said: "We should be the first to agree that, if it appeared that no evidence had been offered that rationally established the facts, the indictment ought to be quashed; because then the grand jury would have in substance abdicated." United States v. Costello, 221 F.2d 668, 677 (2d Cir. 1955).

5. Note, 62 Harv.L.Rev. 111, 115 (1948).

solely on the basis of evidence that would not support a guilty verdict after trial.[6] This would rob the constitutional right [7] of much of its protective value [8], and would not be in accord with what we have stated to be a vital function of the grand jury—the protection of the innocent against oppression and unjust prosecution.[9]

In this case, however, there is no need to pass final judgment on whether to follow the broad rule suggested by the Supreme Court in Costello. Here it has not been shown that the grand jury did not have substantial or rationally persuasive evidence upon which to base its indictment. The only portion of Mrs. Nokes' testimony which conflicts with her story to the grand jury concerns the position of her husband's body when Shelton fired the shots. The question of which narrative was the correct one was a matter for determination at the trial of the action.[10] We cannot say if the grand jury had heard the later version of the event that it would not have been reasonably persuaded to indict Shelton for second degree murder.

■ Moreover, the indictment gave the names of four other witnesses who were examined before the grand jury.[11] Each of those persons gave testimony at the trial during the presentation of the state's case. Each was cross-examined by Shelton's counsel, but no attempt was made to ascertain what these witnesses had said when they appeared before the grand jury. We cannot speculate that the testimony they gave there was not sufficient, even apart from Mrs. Nokes' narrative, to justify the grand jury's action. There is a presumption that it acted on sufficient evidence, and Shelton has not sustained his burden of showing that it did not.[12] The indictment should not have been dismissed.

■ Shelton also questions our right to review this matter, relying upon a law which precludes the state from appealing in criminal cases "except to test the sufficiency of the indictment or information." [13] He argues that the sufficiency of an indictment is to be determined by examination of the instrument itself, that the only tests of sufficiency are those provided by statute [14],

6. See Judge Frank's concurring opinion in United States v. Costello, supra note 4, at 679.

7. Alaska Const. art. I, § 8, supra note 1.

8. See concurring opinion of Justice Burton in Costello v. United States, 350 U.S. 359, 364, 76 S.Ct. 406, 100 L.Ed. 397, 404 (1956).

9. Alaska Grand Jury Handbook, pp. 1–2.

10. United States v. Brandt, 139 F.Supp. 367, 372 (N.D.Ohio 1955), rev'd on other grounds, 256 F.2d 79 (6th Cir. 1958).

11. This was in accordance with Crim.R. 7(c) which requires that "When an indictment is found the names of all witnesses examined before the grand jury must be inserted at the foot of the indictment, or endorsed thereon, before it is presented to the court."

12. United States v. Weber, 197 F.2d 237, 238 (2d Cir. 1952), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649 (1952); Carrado v. United States, 210 F.2d 712, 717–718 (D.C.Cir.1953), cert. denied, Atkins v. United States, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140 (1954); United States v. Nunan, 236 F.2d 576,

594 (2d Cir. 1956), cert. denied 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665 (1957).

13. S.L.A.1959, ch. 50, § 1.

14. Section 66–9–14 A.C.L.A.1949 provides:
"When indictment sufficient. That the indictment is sufficient if it can be understood therefrom:
"First. That it is entitled in a court having authority to receive it, though the name of the court be not accurately stated;
"Second. That it was found by a grand jury of the political division in which the court was held;
"Third. That the defendant is named, or if his name can not be discovered, that he is described by a fictitious name, with the statement that his real name is to the jury unknown;
"Fourth. That the crime was committed within the jurisdiction of the court;
"Fifth. That the crime was committed at some time prior to the finding of the indictment, and within the time limited by law for the commencement of an action therefor;
"Sixth. That the act or omission charged as the crime is clearly and dis-

and that if the indictment meets the statutory requirements, there is no room for appellate review when it is dismissed for any other reason.

The word "sufficient" has a larger meaning than that. It denotes the concept of adequacy and adaptation to a desired end.[15] An indictment has a purpose—to require a defendant to stand trial for a criminal offense with which he is charged. If it is not adequate to answer the purpose for which it is intended, then it is insufficient, regardless of the fact that it may meet all the formal statutory requisites and have all the appearances of validity. When an indictment is dismissed for any reason, the question of its sufficiency may create an issue, and this court has the power of review.[16]

The order dismissing the indictment is reversed, and the case is remanded for a new trial.

AREND, Justice, concurs in the result.

tinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended;

"Seventh. That the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

15. Galveston, H. & S. A. Ry. Co. v. Enderle, 170 S.W. 276, 277 (Tex.Civ.App. 1914); Webster, New International Dictionary (unabr.) at 2520 (2d ed. 1960).

16. State v. Linn, No. 122, 363 P.2d 361 (Alaska 1961).