STATE of Alaska, Appellant,

v.

William J. SMITH, Appellee.

No. 676.

Supreme Court of Alaska.

July 25, 1966.

Thomas E. Fenton, Dist. Atty., and William H. Fuld, Asst. Dist. Atty., Fairbanks, for appellant.

Edward R. Niewohner of Boggess, Ingraham & Niewohner, Fairbanks, for appellee.

Before: NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

In a complaint filed in the district magistrate court[1] by a state police officer, ap-

---

1. Effective July 1, 1966, the district magistrate court is known as the District Court for the State of Alaska, the dis-trict magistrates, as district judges, and the deputy magistrates, as magistrates. (SLA 1966, ch. 24)

pellee was charged with the misdemeanor of pointing a firearm in public in violation of AS 11.55.050.[2] Later the state filed a motion to dismiss the complaint and to substitute in its place an information charging appellee with the crime of pointing a firearm in public. The motion was granted.

Appellee was found guilty by a jury in the magistrate court. On appeal, the superior court vacated the judgment of conviction. The court reasoned that under Magistrate Criminal Rule 1[3] a complaint is the only prescribed form for gaining jurisdiction over the subject matter of the action and the only recognized form of pleading upon which a trial in the magistrate court may proceed, that since the state dismissed the complaint and filed an information in its place there was no longer any complaint upon which a trial before the magistrate could be had, that a trial in the magistrate court without a complaint was a nullity, and therefore that the judgment of conviction entered by the magistrate court was entered without authority and was void. The state has taken an appeal to this court, raising the sole question of whether it is proper to file an information in a magistrate court as a substitute for a complaint which was used to commence a criminal action.

Magistrate Criminal Rule 1 contemplates not only that the verified complaint be the basis upon which jurisdiction over the subject matter of a criminal action is obtained, but also that it constitutes the pleading by which the offense charged be prosecuted. The latter is clear from the fact that this rule provides that the complaint must be read to the defendant at his arraignment, that the defendant is called upon to plead to the complaint, and that at the trial the magistrate is required to define for the jury the nature of the offense charged and the statute or regulation upon which the complaint is based.[4]

**2.** AS 11.55.050 provides:

*Flourishing, pointing or discharging firearm in public place.* A person who flourishes, points or discharges a firearm in a city, town, village or other community, or in or on a railway coach, steamboat or steamship, or in or near a park or public grounds, or at a public place, whether public in itself, or made public at the time by an assemblage of persons, is guilty of a misdemeanor, and upon conviction is punishable by a fine of not more than $500, or by imprisonment in a jail for not more than six months, or by both.

**3.** Magis.Crim.R. 1 provides in part:

Wherever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of district magistrate courts.

(a) *Commencement of Actions.* A criminal action is commenced by the filing of a complaint, verified by the oath of the officer or other person commencing the action, and the issuance of a warrant or summons, in the manner provided by Criminal Rules 3 and 4. When a complaint is made by any person other than a peace officer, no judgment of conviction may be given except upon a plea of guilty unless the person making the complaint. or the person injured by the offense charged, appear at the trial as a witness.

(b) *Arraignment and Plea.* When the defendant is brought before the magistrate the complaint must be read to him, and he shall be furnished a copy of the complaint upon request. The magistrate shall inform the defendant of his right to counsel, to be admitted to bail, that he is not required to make a statement, and that any statement made by him may be used against him. If the defendant does not desire the aid of counsel he shall be called upon to plead to the complaint; if counsel is requested, a reasonable time shall be allowed for appearance of counsel and plea. Pleas shall be oral, in open court. The defendant may plead either guilty or not guilty, but if he refuse to plead the magistrate must enter the fact, together with a plea of not guilty on his behalf.

. (c) *Trial.* The date of trial shall be fixed by the magistrate at such time as will afford the defendant a reasonable opportunity for reparation [sic] and for representation by counsel. The trial shall be conducted as are trials in criminal cases in the superior court, except that the court shall not instruct the jury other than to define the nature of the offense charged and the statute or regulation upon which the complaint is based.

**4.** Note 3 supra.

■ But those provisions of the rules do not mean that when an information is filed in lieu of the complaint that the magistrate court loses jurisdiction of the subject matter of the offense charged so that the court's judgment is a nullity. The magistrate court acquires jurisdiction when the complaint is filed. Such jurisdiction thus obtained is not lost because thereafter the means of prosecuting the offense charged in the complaint is by way of an information rather than the complaint.

■ Although Magistrate Criminal Rule 1 does not provide expressly for the use of an information, such use is not prohibited. Subdivision (j) of the rule expressly names the Rules of Criminal Procedure that are not applicable in a magistrate court, and Criminal Rule 7 is not mentioned. The test of whether an information may be utilized depends upon whether it is practicable, since the introductory paragraph to Magistrate Criminal Rule 1 provides that: "Wherever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of district magistrate courts." We cannot say that the application of Criminal Rule 7 relating to informations would in no case be practicable in a magistrate court.

■ If an information is filed in a case in the magistrate court, there is no reason why the verified complaint should be dismissed as it was here. But the fact that the complaint was dismissed does not mean that jurisdiction was lost and that the judgment of conviction of appellee was void. Jurisdiction over the subject matter of the action had been obtained when the complaint was filed. It was not intended that the substitution of the information in lieu of the complaint should amount to an acknowledgment that the complaint was without merit, or that the dismissal of the complaint should amount to a dismissal of the charge against appellee. In the circumstances all that the dismissal of the complaint meant was that the information should take the place of the complaint and should constitute the pleading by which the offense would thereafter be prosecuted.

In support of the ruling of the superior court, appellee contends that the judgment of conviction was void because trial was had on the information, and the deputy magistrate who acted on the state's motion to substitute the information for the complaint had no authority to act.

It is unnecessary for us to discuss the limitations on the authority of a deputy magistrate. If the deputy magistrate had no authority to act on the state's motion, then the deputy magistrate's attempt to grant the motion for substitution of the information for the complaint would have been ineffective. This would mean that the complaint would not have been dismissed, and that the offense charged would have been prosecuted by the complaint as appellee contends that it ought to have been.

■ Finally, appellee contends that we are without jurisdiction to consider this appeal because of AS 22.05.010 which provides in part that "the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment or information." [5] Appellee argues that this appeal does not concern the sufficiency of the information but rather the permissibility of its use.

This argument is without merit. The issue on this appeal is whether the information, substituted in place of the complaint, was adequate to answer the purpose for which it was intended, i. e., to prosecute the offense with which appellee was charged. This raises a question of the information's sufficiency.[6] AS 22.05.010 does not bar this appeal.

The judgment is reversed and the case remanded for further proceedings consistent with the views expressed in this opinion.

---

5. See also Supreme Ct. R. 6 which provides:

An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

6. State v. Shelton, 368 P.2d 817, 820 (Alaska 1962).