STATE of Alaska, Appellant,

v.

Joseph N. PETE, Appellee.

No. 673.

Supreme Court of Alaska.

Nov. 21, 1966.

Charles J. Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

In the district court[1] a jury found appellee guilty of the crime of selling intoxicating liquor without a license. The superior court set aside the judgment of conviction. The state has appealed. We reverse the decision of the superior court.

This case was initiated in the city of Barrow when verified complaints were filed by a state police officer charging appellee with having sold liquor unlawfully to Edward M. Sigvayugak and Clyde T. Numnik. Appellee was granted a change of venue to the city of Fairbanks. A few days prior to trial the district attorney substituted an information for the complaints in an attempt to clarify the matters alleged in the complaints. The information charged the same crimes as were charged in the complaints, but with greater specificity.

After conviction the matter came before the superior court on appellee's motion under Criminal Rule 35(b) to set aside the sentence imposed by the district court as being illegal or, in the alternative, to reduce the sentence as being excessive. The motion was granted and the judgment of conviction set aside.

Involved in this appeal is the question of the proper construction to be given District Court Criminal Rule 1(a) which provides:

A criminal action is commenced by the filing of a complaint, verified by the oath of the officer or other person commencing the action, and the issuance of a warrant or summons, in the manner provided by Criminal Rules 3 and 4. When a complaint is made by any person

Thomas E. Fenton, Dist. Atty., and William H. Fuld, Asst. Dist. Atty., Fairbanks, for appellant.

1. The district court was formerly known as the district magistrate court. See State v. Smith, 417 P.2d 252 (Alaska 1966). The change in nomenclature was effected by SLA 1966, ch. 24.

other than a peace officer, no judgment of conviction may be given except upon a plea of guilty unless the person making the complaint, or the person injured by the offense charged, appear at the trial as a witness.

In setting aside the district court judgment, the superior court held that the district court had no authority to enter judgment and that its judgment was void because, even conceding that the information filed by the district attorney served as a complaint—

> [T]he facts remain that this 'complaint' was not made by a 'peace officer'; the defendant did not enter a plea of guilty; the person making the 'complaint' (Herb Soll) [2] did not appear as a witness and no witness appeared who claimed to be injured by the offense charged. Under these circumstances the Supreme Court has said in Rule 1(a), 'no judgment of conviction may be given'.

In State v. Smith [3] we held that in the district court it was permissible to use an information, as a substitute for a complaint, to prosecute a defendant for the offense with which he is charged. The question unanswered in that case but which is raised here is this: if an information is used in the district court to prosecute the defendant for the offense with which he is charged, does District Court Criminal Rule 1(a) require, as a condition to giving a judgment of conviction, that either the person who signs the information, the district attorney, or the person injured by the offense charged appear as a witness at the trial of the case?

We answer this question, "no". Where a complaint is used to prosecute a defendant and it is not signed by a peace officer, there is good reason for requiring that either the person signing the complaint or the one injured by the offense charged appear as a witness. The purpose of those requirements is to guard against criminal prosecutions instigated by persons out of spite or ill feeling. If one who signs a complaint or the person injured by the offense must appear as a witness at the trial, there is far less likelihood that unfounded criminal prosecutions will be instigated by persons who, out of spite or ill will, may attempt to injure their neighbors or acquaintances by instigating criminal actions against them.

But the likelihood of such an event occurring is not present where the complaint is signed by an impartial person, such as a peace officer, as Rule 1(a) recognizes. Nor is there danger of such an event occurring when an information is signed by a district attorney, an officer of the court and of the state, whose sole interest in prosecuting a criminal action is one of vindicating justice on behalf of the people of the state. In such instances there is no reason to take measures to discourage the instigation of unjustified criminal prosecutions.

We hold that where an information has been substituted for a complaint and is used to prosecute a criminal action in a district court, it is not a condition of entering a judgment of conviction that either the district attorney, who signs the information, or the person injured by the offense charged appear as a witness at the trial. Those requirements that appear in District Court Criminal Rule 1(a) relate only to a complaint signed by some person other than a district attorney or a peace officer.

In holding as we do in this appeal by the state we pass only upon the sufficiency of the information used in this case, which is the limit of our authority to review in an appeal brought by the state in a criminal case.[4] A question as to the sufficiency

---

2. The then district attorney at Fairbanks.

3. 417 P.2d 252 (Alaska 1966).

4. AS 22.05.010 provides:
   The supreme court has final appellate jurisdiction in all actions and proceedings. The supreme court may issue injunctions, writs of review, mandamus, certiorari, prohibition, habeas corpus, and all other writs necessary or proper to the complete exercise of its jurisdiction. Each justice may issue a writ of habeas corpus, upon petition by or on behalf of any person held in

of the information has been raised because the question presented by the state on this appeal is whether the information used in lieu of the complaints was adequate to answer the purpose for which it was intended, i. e., to prosecute the offense with which appellee was charged and to require appellee to stand trial for such offense.[5] Having ruled on that question, we could dispose of the case by simply reversing the superior court's order setting aside the district court's judgment of conviction and remanding the case to the court below. But if this procedure were to be followed, it is likely that the case would come back to us on a second appeal, this time brought by the appellee, because of points made in his brief on this appeal in support of the judgment entered by the superior court. These points are that the judgment should be sustained because the record fails to show that appellee entered a plea to the offense for which he was prosecuted, and because the district court did not have the authority to impose consecutive sentences for more than a total of one year after judgment. We will consider the points now in order to avoid piecemeal appeals. This position we take is consistent with our rule in civil cases that we should consider in defense of a judgment below any matter appearing in the record, even if not passed upon by the lower court.[6]

It is true, as appellee states, that the record fails to show that appellee was ever called upon to enter a plea to the offenses for which he was tried and found guilty. At one time this fact alone might have rendered the conviction a nullity.[7] But that is no longer the case. The record shows that the trial was conducted without objection as though appellee had entered a not guilty plea, and that appellee's situation would not have been altered in any respect if such a plea had been entered. In such a case, the failure to enter a plea does not make the conviction void.[8]

Appellee was found guilty of two counts involving the unlawful sale of intoxicating liquor. The district court imposed a sentence of one year imprisonment on each count, with the sentences to run consecutively. The net effect of this was to sentence appellee to imprisonment for a total of two years. Appellee urges that the maximum sentence of imprisonment which a district court may impose under law is one year,[9] and that the court is not authorized to impose consecutive sentences.

In 1924 the District Court for the Territory of Alaska held in Gozovich v. Sullivan[10] that the territorial justice court

---

actual custody and may make the writ returnable before the justice himself or before the supreme court, or before any judge of the superior court of the state. An appeal to the supreme court is a matter of right, except that the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment or information.

Supreme Ct.R. 6 provides:

An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

5. State v. Smith, 417 P.2d 252, 254 (Alaska 1966); State v. Shelton, 368 P.2d 817, 820 (Alaska 1962).

6. Ransom v. Haner, 362 P.2d 282, 285 (Alaska 1961).

7. See Garland v. State of Washington, 232 U.S. 642, 646–647, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 (1914).

8. Garland v. State of Washington, supra note 7; People v. Hill, 17 Ill.2d 112, 160 N.E.2d 779, 781–783 (1959), cert. denied, 362 U.S. 922, 80 S.Ct. 677, 4 L.Ed.2d 742 (1960).

9. AS 11.05.010 provides:

Whenever an act is declared to be a misdemeanor, and no punishment is prescribed, the person, upon conviction, is punishable by imprisonment in a jail for not more than one year, or by a fine of not more than $500.

Under AS 22.15.060 the criminal jurisdiction of a district court is limited to misdemeanors and violations of orders of political subdivisions of the state.

10. 7 Alaska 197, 199 (D.Alaska 1924).

was governed in its jurisdiction by chapter 42 of the Code of Criminal Procedure dealing with criminal actions in a justice court;[11] that there was nothing in that chapter even suggesting that the justice court could impose consecutive sentences or do other than render a judgment immediately upon conviction and require the sentence of imprisonment to begin the same day; that the provisions of the Code of Criminal Procedure dealing with the judgment in a criminal action and the commencement of terms of imprisonment for two or more crimes were clearly inapplicable to justice court procedure; and therefore, that when two sentences of imprisonment were imposed by a justice court they were obliged to run concurrently, and not consecutively.

■ The law is not the same now as it was in 1924 when the *Gozovich* case was decided. We no longer have a justice court, but district courts with jurisdiction over misdemeanors. Such jurisdiction is by statute made concurrent with that of the superior court.[12] Consecutive sentencing in the superior court is permitted by statute.[13] Within the jurisdictional limits of the district court, the statutory provision relating to consecutive sentences is as applicable as it is in the superior court, because of the fact that the district court's jurisdiction over a misdemeanor is concurrent with that of the superior court.

Consecutive sentencing by the district court is permissible.

At the time that the superior court set aside the judgment of conviction of the district court, appellee had served approximately 17½ months of his two consecutive sentences of one year each. Appellee contends that imprisonment for two years for the crimes of which he was convicted was unduly harsh and that the sentence should be reduced.

■ Appellee was found guilty by a jury of two counts involving the unlawful sale of intoxicating liquor. One count involved the sale of a ⅘ bottle of Gilbey's vodka to Edward N. Sigvayugak, and the other, the sale of a ⅘ bottle of Seagram's Seven Crown whiskey to the same person on the same day. The prosecuting witness, Edward N. Sigvayugak, had been engaged by a state police officer to buy liquor from appellee with money provided by the officer, and was paid for his services by the officer.

In light of the fact that the two offenses were really part of one general transaction involving the unlawful sale of liquor, we believe the judgment of conviction should be modified so as to limit appellee's sentences to the term of imprisonment that he has now served.[14]

■ There is one additional matter that requires our consideration. The appellee at first addressed to the district court

11. CLA 1913 §§ 2520–2549. The territorial justice court was the pre-statehood forerunner of the present district and magistrate courts.

12. AS 22.15.060 provides:
(a) The district magistrate court has jurisdiction of the following crimes:
(1) a misdemeanor unless otherwise provided in this chapter;
(2) a violation of an ordinance of a political subdivision.
(b) Insofar as the criminal jurisdiction of the district magistrate courts and the superior court is the same, such jurisdiction is concurrent.

13. AS 11.05.050 provides:
If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one conviction begins at the expiration of the imprisonment of any other of the crimes. If the defendant is imprisoned upon a previous judgment on a conviction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

14. We reach this conclusion with awareness of the fact that, according to the record, appellant had 25 prior misdemeanor convictions, 13 of which were for sales of liquor without a license.
Patmore v. State, 152 Tenn. 281, 277 S.W. 892 (1925); Annot., 89 A.L.R. 295, 306–312 (1934).

his Criminal Rule 35(b) motion to vacate and set aside sentence. That court held it had no jurisdiction to consider the motion because Criminal Rule 35(b), by its specific terms, was not applicable to the district court.

In this the district court was mistaken. Criminal Rule 35(b), it is true, refers to the superior court in stating that:

> A prisoner in custody under sentence of the District Court for the District (Territory) of Alaska or the superior court of the State of Alaska claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or the Constitution or laws of Alaska, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence or its successor, to vacate, set aside or correct the sentence.

But District Court Criminal Rule 1 states that "Wherever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of district magistrate courts"; and District Court Criminal Rule 1(j), which specifically mentions the rules of criminal procedure that are not applicable in a district court, does not refer to Criminal Rule 35(b).[15]

We believe that application of Criminal Rule 35(b) is entirely practicable in a district court. That rule contemplates that the sentencing court entertain and pass upon a defendant's motion attacking the sentence imposed upon him. In this case the sentencing court was the district court. It makes sense that the court imposing a sentence should be initially called upon to review the sentence and determine whether it is excessive or illegal or imposed in violation of law. If action taken under the rule by the district court does not meet with the defendant's satisfaction, then he may seek review by the superior court.

The order of the superior court is reversed and the case remanded for further proceedings consistent with the views contained in this opinion.

RABINOWITZ, Justice (concurring in part, dissenting in part).

I dissent from the majority's conclusion that "the judgment of conviction should be modified so as to limit appellee's sentences to the term of imprisonment that he has now served."

After holding that the two consecutive one-year sentences were authorized by law, the majority has determined the sentence imposed by the district magistrate should be modified because "the two offenses were really part of one general transaction involving the unlawful sale of liquor."

I am of the opinion that this important question relating to our appellate authority has not been adequately briefed. There is considerable precedent to the effect that appellate courts are without authority to review a sentence imposed in a criminal case, unless it exceeds the statutory limits.[1] These same authorities hold that sentenc-

---

15. Prior to September 15, 1966, Dist.Ct. Crim.R. 1(j) provided:
    The provisions of Rule 5, relating to preliminary examination, Rule 32(c), relating to pre-sentence investigation, Rule 30, relating to instructions, Rules 39(b) and 15(c) with respect to appointment of counsel for indigent defendants, and of Rule 50(a), Rules of Criminal Procedure, relating to written appearance and withdrawal of counsel, shall not apply.
    Pursuant to Supreme Ct. Order No. 86 (Sept. 15, 1966), Dist.Ct.Crim.R. 1(j) now provides:

The provisions of Rule 5, relating to preliminary examination, Rule 32(c), relating to pre-sentence investigation, Rule 30, relating to instructions, and of Rule 50(a), Rules of Criminal Procedure, relating to written appearance and withdrawal of counsel, shall not apply.

1. See authorities collected in United States v. Pruitt, 341 F.2d 700, 703 (4th Cir. 1965).

**344**

ing is within the "sole province and discretion of trial judge, and unless an imposed sentence exceeds statutory maximum, or is otherwise illegal, appellate courts are without authority to act."[2] In the case at bar there is a total absence of any discussion concerning whether a criminal sentence can be reviewed on an appeal from a denial of a Crim.R. 35(b) motion. I do not believe that this court should have reached the conclusion it did without the benefit of proper argument and without clearly articulating the basis for, and instances when, review of criminal sentences is obtainable in our court system.

Granting that such review authority is possessed by this court and that the matter

is properly before us, I am not convinced that the trial judge's discretion in sentencing should be interfered with in this case. Appellee had a record of twenty-five prior misdemeanors convictions at the time of sentencing. The sentencing judge was informed of the fact that in 1961 appellee was convicted of ten counts of selling liquor without a license, and was also made aware of other relevant facts and circumstances at the time sentence was imposed.[3] In short, I am of the opinion that the trial judge's discretion in regard to the sentence imposed should remain undisturbed.

I concur in all other aspects of this court's opinion.

2. Id. at 703. The Pruitt court then continues to say:
Even if we considered the sentences in this case unduly harsh or severe, which we do not, we would be powerless to review under innumerable decisions of this and other appellate courts which have held consistently that there is no power in an appellate court to review sentence imposed, so long as it is within statutory limit.

3. See Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 182, 76 L.Ed. 306, 310 (1932).