Michael ANDREJKO, Appellant,

v.

STATE of Alaska, Appellee.

No. A–205.

Court of Appeals of Alaska.

Feb. 22, 1985.

Lewis F. Gordon, Baily & Mason, Anchorage, for appellant.

William H. Hawley, Jr., Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

I.

Michael Andrejko was convicted of one count each of escape in the second degree,

burglary in the second degree, assault in the third degree, and attempted kidnapping, and two counts of criminal mischief in the second degree. AS 11.56.310(a)(1)(A); AS 11.46.310(a); AS 11.41.220(a); AS 11.-31.100(a); AS 11.41.300(a)(1)(E); and AS 11.46.482(a)(4). Andrejko was ordered to serve a total sentence of sixteen years.[1] Andrejko now appeals both his conviction and his sentence. We affirm.

On July 11, 1982, Andrejko was being held at the Alaska State Correctional Center Annex in lieu of $500,000 bail for a charge unrelated to this case. Andrejko left the facility without permission of the authorities there. He then hid in an office building which was located nearby. There, Andrejko took a letter opener and a sweater. He then left the office building and hid in the back of a van parked outside. The van belonged to John MacMullen, who had momentarily left the vehicle. When MacMullen returned to the van, he started it and turned around to check for traffic. It is disputed at this point what happened next. MacMullen testified that when he turned around, Andrejko brandished what appeared to be a knife, and told MacMullen, "Don't move, just drive." MacMullen then testified he jumped from the vehicle, and ran to call the police. Andrejko testified he had told MacMullen to "get out of here." In any event, after MacMullen left, Andrejko drove the van away from the building. The van was subsequently found by the Anchorage police crashed into a building, abandoned, with the engine still running. Andrejko was located, hiding nearby.

At trial, Andrejko moved for a judgment of acquittal on two grounds. First, he argued that the state had not proven an essential element of the escape charge, that the defendant had been under "official detention" when he removed himself from the correctional facility, as required by AS 11.56.310(a)(1)(A).[2] Second, Andrejko argued that the state had not proven the elements of attempted kidnapping, because the felony on which the attempted kidnapping charge was based was escape.[3] Judge Buckalew denied the motion. Judge Buckalew also refused to include a disputed portion of the statutory definition of "official detention" in the jury instructions. Andrejko appeals these decisions.

## II.

■ Andrejko argues that the trial court abused its discretion by denying his motion for judgment of acquittal. He argues that the state's evidence indicated he was incarcerated under an "order of conditional bail release" and thus fell within the exception to the definition of "official detention" under AS 11.81.900(b)(34).

Alaska Statute 11.81.900(b)(34) reads:

"official detention" means custody, arrest, surrender in lieu of arrest, or confinement under an order of a court in a criminal or juvenile proceeding, *other than an order of conditional bail release.* [Emphasis provided.]

---

1. Andrejko's aggregate sentence was imposed to run consecutively to a previous sentence. A four-year sentence was imposed on the escape count. A two-year sentence was imposed on the burglary count. These were ordered to run consecutively. On the assault count, Andrejko was given two years' incarceration, to run concurrently with the escape and burglary sentences. A ten-year sentence was imposed for the attempted kidnapping count, to run consecutively with the escape, burglary and assault sentences. On each of the criminal mischief counts, Judge Buckalew imposed two-year sentences, concurrent to each other, consecutive to the escape, burglary and assault sentences and to be served concurrent to the attempted kidnapping sentence.

2. Alaska Statute 11.56.310(a)(1)(A) provides:
   (a) One commits the crime of escape in the second degree if, without lawful authority, one
   (1) removes oneself from
   (A) a correctional facility while under official detention.

3. Alaska Statute 11.41.300(a)(1)(E) provides that a person commits the crime of kidnapping if the person restrains another with intent to facilitate the commission of a felony or flight after commission of a felony.

   Escape in the second degree is a class B felony. AS 11.56.310(b).

Andrejko was confined under an order which reads in part:

It is ORDERED that the above-named defendant be held in custody pending action by this Court or until the bail herein is posted.

Andrejko argues that that this order was a "conditional bail release" and that therefore he was not under "official detention" for purposes of AS 11.81.900(b)(34). He contends that the statutory exception is intended to cover individuals held in lieu of bail as opposed to those being held without bail.

We disagree with Andrejko's argument. From our analysis of AS 11.81.900(b)(34), its limited legislative history, and its predecessor, former AS 11.30.100, we conclude that when the legislature said that a person was not in detention if he was under an order of conditional bail release, the legislature was referring to the situation where the defendant was actually released on bail from confinement subject to certain conditions. *See e.g., Beckman v. State,* 689 P.2d 500 (Alaska App.1984), where we reversed a conviction for escape where the defendant ran away from a representative of an alcohol treatment program where the treatment was a condition of probation under the trial court's order. We held the defendant was "confined," however, not "under an order of a court" for purposes of AS 11.81.900(b)(34).

Under former AS 11.30.100, it was clear that persons incarcerated in lieu of bail could be prosecuted for escape. That statute read in part:

(2) "official detention" means arrest, custody following surrender in lieu of arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged to be delinquent, detention for extradition or deportation or any other detention for law-enforcement purposes; but "official detention" does not include supervision on probation or parole, or constraint incidental to release on bail.[4]

When the criminal code was revised in 1978, the commentary stated the revised code made three significant changes in the escape laws. However, there was no mention of the decriminalization of escapes by persons confined in lieu of bail.[5] The state contends that the absence of such a comment indicates the legislature's intent not to change the effect of the law in that regard. We agree.

■ Our resolution of this issue is dispositive of Andrejko's argument that Judge Buckalew abused his discretion by denying Andrejko's motion for judgment of acquittal based on his argument that because the state had failed to prove escape, it had failed to prove an essential element of attempted kidnapping.[6]

### III.

■ Andrejko argues that his sentence is excessive because his offenses should be viewed as "one general transaction" under *State v. Pete,* 420 P.2d 338, 342 (Alaska 1966), and thus consecutive sentences are inappropriate.

Andrejko's reliance on *Pete* is misplaced. In *Mutschler v. State,* 560 P.2d 377, 378 (Alaska 1977), the supreme court held:

*Pete* cannot be read as holding that consecutive sentences are impermissible in the circumstance where the separate of-

---

4. *See also* Missouri Revised Statutes § 556.-061(3) (1979) from which AS 11.81.900(b)(34) was derived and Model Penal Code § 242.6(1) (Proposed Official Draft 1962).

5. *See* Commentary on the Alaska Revised Criminal Code, Supp. No. 44 in 13 Senate Journal (1980), following p. 1436 (May 29, 1980); Alaska Criminal Code Revision Part IV at 43–49 (Tent. Draft 1977).

6. We note based on our decision today that Judge Buckalew's instruction to the jury regarding the definition of "official detention" was correct as a matter of law and thus there was no error. *See Jordan v. State,* 681 P.2d 346, 349–50 (Alaska App.1984). Judge Buckalew properly deleted the statutory language of AS 11.81.-900(b)(34) which reads "other than an order of conditional bail release."

fenses are part of one general occurrence or transaction. [Footnote omitted.]

We therefore reject Andrejko's argument. Judge Buckalew was not clearly mistaken in imposing the consecutive sentences. We have also reviewed Andrejko's sentence and conclude that the aggregate sentence was not excessive and thus not clearly mistaken. *Id.* at 381.[7]

The conviction and the sentence are AFFIRMED.

7. We note that Andrejko has an extensive criminal record, both as a juvenile and as an adult. He was first adjudicated delinquent over twenty years ago. Since then, he has continuously been convicted of serious crimes. In 1964 he escaped three times from a correctional facility to which he had been committed. In 1982 he was convicted of murder in the second degree. It was the incarceration for that conviction from which Andrejko fled and thus was convicted of the present offense of escape. In light of Andrejko's extensive record, the amount of time imposed by Judge Buckalew is justified.