**Richard Leon WHITE, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 1907.**

Supreme Court of Alaska.

June 17, 1974.

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Steve Dunning, Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

ERWIN, Justice.

■ Appellant asserts that his conviction of the offense of possession of heroin was invalid because the indictment charging him with unlawful and felonious possession of heroin did not contain a provision stating appellant knew that he was in possession of a narcotic drug.

An identical argument was advanced in Thomas and Crouch v. State, Op.No. 1040, 522 P.2d 528 (Alaska 1974), and Brown v. State, Op.No. 1041, 522 P.2d 534 (Alaska 1974), and was rejected on the ground that an indictment charging unlawful and felonious sale in the language of the statute was sufficient to apprise appellant of the charge against him. These cases are controlling on this issue.

■ Additionally, appellant raises a claim of double jeopardy.[1] At his first trial, the correctional officer, who initially searched White and discovered a balloon of heroin, testified that he noticed "some small dark spots on his arms." The witness was unqualified to give an opinion on the character of the spots. The obvious inference was that these marks were scars from hypodermic needles used in injecting heroin. Upon appellant's application for a mistrial, the judge ruled that the officer's observation, without additional evidence of injections or addiction, would mislead the jury to believe White was an addict who must have had knowing possession of the discovered heroin. The trial court correctly concluded that the incurably prejudicial impact of such tenuous evidence of addiction required a mistrial.

The prosecutor's behavior in eliciting this testimony falls far short of the deliberate misconduct required to prevent reprosecution with a new jury. The measure of prosecutorial misconduct for purposes of invoking double jeopardy was set out in Muller v. State, 478 P.2d 822, 827 (Alaska 1971):

> [I]n cases where it is clear that the prosecutor, motivated by a desire to avoid an acquittal in a case which is going badly, engages in purposeful misconduct which forces the court to declare a mistrial, the policy of protecting an accused individual from harassment by consecutive prosecution may demand that a retrial be barred, even though the mistrial was manifestly necessary. (footnote omitted)

In this case, the prosecutor was not attempting to avoid an acquittal because of the weakness of his own case. He drew the objectionable testimony from the witness in the belief that it was probative on the question of knowledge of drug possession.[2] The trial court's ruling was not that this kind of evidence was irrelevant but that the degree of proof of addiction which the state could offer was too slight. On the other hand, the irresistible but unprovable inference from the existence of "some small dark spots on his arms" in a prosecution for possession of heroin was that the defendant had been injecting the drug. However, the state could not produce any other evidence that White had used heroin in this manner. The testimony was excluded because its minimal probativeness was outweighed by its prejudicial effect. It is evident that the prosecutor was not attempting to force a mistrial because his own case was going badly.[3] Instead, he was zealously attempting to

---

1. Art. I, § 9 of the Alaska Constitution provides in part: "No person shall be put in jeopardy twice for the same offense." The fifth amendment to the Constitution of the United States reads in part as follows: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb. . . ."

2. Other jurisdictions have held that evidence of needle marks is admissible to show knowledge of possession in narcotics cases. *E. g.*, People v. Torres, 140 Cal.App.2d 751, 295 P. 2d 904, 905–906 (1956); State v. Vale, 252 La. 1056, 215 So.2d 811, 823 (1968). *See* State v. Saiz, 106 Ariz. 352, 476 P.2d 515 (1970).

3. Not even counsel for White has argued that the prosecutor was actively seeking a mistrial. The contention on appeal is only that the prosecutor deliberately sought to introduce the existence of the spots into evidence.

bring before the court all evidence which tended to establish the appellant's guilt. Where zeal leads to the introduction of evidence which may stampede the jury to an unproven inference and an unfair verdict, the remedy is a mistrial. Double jeopardy will not prevent a second trial unless the conduct of the state's attorney is "motivated by a desire to avoid an acquittal in a case which is going badly . . . . "[4] Thus, we find White's claim that his second trial placed him in double jeopardy to be controlled by our holding in *Muller*:

> . . . [W]e apply the general rule that where a mistrial is declared by reason of a manifest necessity, double jeopardy will not bar a retrial. . . . Where a defendant insists that a mistrial is necessary, and where the trial court agrees, the manifest necessity for a mistrial may be considered to have been adequately established. (footnote omitted) [5]

White also filed a notice of appeal from the fifteen-year sentence imposed by the superior court. No argument in his brief has been directed toward this question. However, this issue was alluded to in our earlier opinion reinstating this appeal.[6]

It appears that the trial court construed AS 17.10.200(d) as requiring that White serve ten years before becoming eligible for parole. We have recently held that the mandatory requirements of AS 17.-10.200 were modified by AS 12.55.080 and AS 12.55.085(a) providing for suspended imposition of sentence and parole. The trial court did not have that decision available for its consideration in imposing White's sentence. (footnotes omitted)

Because of this fact and the possibility that appellant considered the matter as being before the court, we find no waiver of this point on appeal and will consider the claim of error.

It is apparent from an independent review of the record that in determining White's eligibility for parole the trial court did not have the benefit of our discussion in Speas v. State.[7] We are uncertain whether the trial court believed a minimum term to be dictated by AS 17.10.200 without the possibility of any portion being suspended or imposed the sentence in the exercise of his sentencing discretion. We thus do not rule on the excessive sentence claim but remand the case for further consideration on the question of the sentence imposed and the eligibility for parole. We affirm the other aspects of this appeal.

FITZGERALD, J., not participating.

4. 478 P.2d at 827 (Alaska 1971).

5. *Id.* at 828; *accord* Torres v. State, 519 P.2d 788, 791–792 (Alaska 1974).

6. White v. State, 514 P.2d 814, 816 (Alaska 1973).

7. 511 P.2d 130 (Alaska 1973).