Louis Robert PIESIK, Appellant,

v.

STATE of Alaska, Appellee.

No. 2954.

Supreme Court of Alaska.

Dec. 9, 1977.

Daniel T. Saluri, Johnson, Christenson, Shamferg & Glass, Fairbanks, for appellant.

James E. Douglas, Asst. Atty. Gen., Juneau, David Mannheimer, Asst. Atty. Gen., and Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

1. AS 11.15.220 states:
   *Assault with a dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment for not more than 10 years nor less than six months, or by a fine of not more than $1,000 nor less than $100, or by both.

2. AS 11.15.134 provides in part:
   *Lewd or lascivious acts toward children.* (a) A person who commits a lewd or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year.

3. AS 11.40.120 states:
   *Sodomy.* A person who commits sodomy is, upon conviction, punishable by imprisonment for not less than one year nor more than 10 years.

4. The prosecutor made the following statements:
   I submit to you the defendant is lying; and he gives evasive answers; and he's not been telling the truth throughout this proceeding; that [R.W.N.] has been telling the truth. And, ladies and gentlemen of the jury, I want

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Chief Justice.

This appeal presents questions concerning: (1) retrial of a defendant after a mistrial has been declared as a result of the District Attorney's improper closing argument to the jury; and (2) the admissibility, at the retrial, of evidence which was also pertinent to a charge on which the defendant was acquitted at the first trial.

Louis R. Piesik was charged on a three-count indictment with assault with a dangerous weapon,[1] lewd and lascivious acts toward a child (fellatio)[2] and sodomy.[3] Following the state's closing argument at the first trial, defense counsel moved for a mistrial based on "improper remarks" made to the jury by the District Attorney.[4] The court reserved ruling on

you to examine the evidence for yourself. If you agree with me, then I ask that you return a guilty verdict on all 3 counts. . . .
Mr. Piesik, [R.W.N.] told you, has done this once before, and he did it this time. And when's he going to do it again? And to whom? A lot of you are parents; a lot of you have children; and some of you are grandparents. Do you seriously want a man that does this sort of thing running around? Don't we tell our children not to talk to strangers? But do the children really know what we're talking about? Do they know the fears that we have for them; the fears that you as parents have for your children because there are people in our society that do sexually abuse children? And isn't that why we tell them not to talk to strangers, not to take candy from strangers? Isn't that why, on Halloween, you examine the candy they bring home? Because there are people in our society that abuse children. Do you want Mr. Piesik out there on the streets with your children? You are a jury selected at random from this community. You represent the people of this community. And the community is now looking to you to say whether Mr. Piesik should be found guilty of this offense, or let go. And what are you going to do? . . .
Maybe Mr. Piesik is asking for help, ladies and gentlemen of the jury. But that's no excuse for what he did. . . .

the motion and submitted the case to the jury. The jury returned verdicts as follows: "guilty" on the charges of assault with a dangerous weapon and lewd and lascivious conduct (fellatio); "not guilty" on the charge of sodomy. The motion for mistrial was granted; and, subsequently, the court found that there had been an acquittal on the sodomy charge. Retrial on the other two counts was permitted, and Piesik was convicted of assault and battery[5] (as a lesser-included offense of assault with a dangerous weapon) and of lewd and lascivious acts toward a child.

Piesik argues that the double jeopardy provisions of the United States[6] and Alaska[7] Constitutions should have barred his second trial. The standard, insofar as relevant to this factual situation, is the same under both constitutional provisions.

> But is this the kind of man you want out on the streets with your 9 year old, 10 year old, your child, your neighbor's children? Even if they bounce back, is that the kind of thing you want them to be subjected to—sexual assaults? Is that the kind of childhood you want young children to have in this community, in Fairbanks? I suggest to you that's not a very good way to run your community.
>
> . . .
>
> He's not the brightest guy, perhaps. And perhaps he's asking for help, ladies and gentlemen. But asking for help by committing an act like this is a dangerous thing to do. . . . And because he's not the brightest guy in the world, maybe he didn't think he'd be caught, or maybe he didn't care. Maybe he's asking for help.

5. AS 11.15.230 provides:

   *Assault and assault and battery.* · A person . . . who unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, is punishable by a fine of not more than $500, or by imprisonment for not more than six months, or by both.

6. The fifth amendment provides, in pertinent part:

   . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . This provision is applicable to the states through the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

7. Art. I, sec. 9 states: "No person shall be put in jeopardy twice for the same offense."

Jeopardy attached when the jury was sworn at the first trial.[8] Thereafter, double jeopardy bars a retrial unless the first trial was prematurely terminated due to "manifest necessity."[9] Here, the mistrial was entered on Piesik's motion. Neither party disputes the propriety of the court's granting a mistrial. Thus, manifest necessity may be considered to be sufficiently established.[10]

Generally, when a trial is terminated at the defendant's motion or with the defendant's request, retrial is not prohibited by double jeopardy.[11] On the other hand, where prosecutorial misconduct is the basis of the defendant's motion for mistrial, such misconduct can result in precluding further prosecution.[12] Here, however, we do not find that retrial would result in the kind of harassment and oppression against which

8. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *United States v. Jorn*, 400 U.S. 470, 479–80, 91 S.Ct. 547, 554, 27 L.Ed.2d 543, 553–54 (1971); *Muller v. State*, 478 P.2d 822, 825 n. 8 (Alaska 1971); *Selman v. State*, 406 P.2d 181, 186 (Alaska 1965).

9. *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); *Muller v. State*, 478 P.2d at 826.

10. In any event, it is doubtful that Piesik could now challenge the existence of manifest necessity. In *Muller v. State*, 478 P.2d at 828, we stated: .

    > Where a defendant insists that a mistrial is necessary, and where the trial court agrees, the manifest necessity for a mistrial may be considered to have been adequately established. Under such circumstances further inquiry into the issue on behalf of the defendant by an appellate tribunal would be nugatory. (footnotes omitted)

11. *United States v. Tateo*, 377 U.S. 463, 467, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448, 452 (1964); *Selman v. State*, 406 P.2d at 186. *Accord Mac-Pherson v. State*, 533 P.2d 1103, 1104 (Alaska 1975), *cert. denied*, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 101; *Muller v. State*, 478 P.2d at 827.

12. *United States v. Jorn*, 400 U.S. at 470, 91 S.Ct. at 550, 27 L.Ed.2d at 566; *Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100, 103 (1963); *United States*

the double jeopardy provisions were meant to protect.[13] As we stated in *Torres v. State*, 519 P.2d 788, 791 (Alaska 1974):[14]

> . . . in order for prosecutorial misconduct to justify a mistrial, thereby precluding further prosecution, the conduct must be designed to avoid an acquittal when the prosecution's case is going badly.

It is not seriously contended that the offending remarks at closing argument were made for the purpose of securing a mistrial due to weaknesses in the state's case. In fact, defense counsel, both at trial and in oral argument on appeal, as much as conceded that there was no such motivation and that the remarks were attributable solely to overzealous advocacy.

In *White v. State*, 523 P.2d 428, 430 (Alaska 1974), we held that:

> Where zeal leads to the introduction of evidence which may stampede the jury to an unproven inference and an unfair verdict, the remedy is mistrial.

We found that because the improper evidence was not introduced for the purpose of forcing a mistrial, retrial was not barred.[15]

■ Here, the trial court's granting the second trial was tantamount to a finding that the improper remarks were not "intentional" in the sense that they were made for the purpose of securing a mistrial. We cannot find that the trial court erred in its conclusion permitting retrial.[16]

■ At the second trial, the court permitted testimony concerning the lowering of the nine-year-old victim's underpants and the presence of sperm on them.[17] Piesik alleges that this evidence pertained to sodomy, for which he had been acquitted; and therefore it should have been inadmissible. We find that the trial court did not err in permitting the testimony. The evidence was relevant to the lewd and lascivious conduct (fellatio) charge;[18] and in the context of this case, its prejudicial impact was outweighed by its probative value.[19]

Moreover, while we recognize that collateral estoppel is embodied in principles of double jeopardy,[20] we do not find that the evidence was barred by this doctrine. In view of the first jury's verdict on the other two counts, the only logical explanation of its acquittal on the sodomy count was the

---

*v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976); *Torres v. State*, 519 P.2d 788, 791 (Alaska 1974); *White v. State*, 523 P.2d 428 (Alaska 1974).

**13.** *Muller v. State*, 478 P.2d at 827.

**14.** *See also, United States v. Dinitz*, 424 U.S. at 611, 96 S.Ct. at 1081, 47 L.Ed.2d at 276.

**15.** *White v. State*, 523 P.2d at 430; *see also, Muller v. State*, 478 P.2d at 827.

**16.** We note that the United States Court of Appeals for the Eighth Circuit has held that prosecutorial overreaching—in the form of gross negligence in reading prejudicial remarks of grand jurors to the trial jury—can bar a retrial when a mistrial is declared as a result of the prosecutor's action. *United States v. Martin*, 561 F.2d 135 (1977). It is unnecessary to rule upon this theory at this time since we do not believe the prosecutor's remarks here constituted gross negligence.

**17.** There was medical testimony that a nine-year-old boy is incapable of producing sperm.

**18.** The evidence introduced by the state was that Piesik had pulled the victim's underwear

down and had then forced him to perform fellatio.

**19.** In *Kugzruk v. State*, 436 P.2d 962, 967 (Alaska 1968), we stated:

> [E]vidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged. Such evidence is admissible if it is * * * so associated that proof of one tends to prove the other * * *.

*quoting, Bracey v. United States*, 79 U.S.App. D.C. 23, 25–26, 142 F.2d 85, 87–88, *cert. denied*, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944).

**20.** *Sealfon v. United States*, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); *see also, Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (federal collateral estoppel rule applicable to states through double jeopardy clause and fourteenth amendment); *DeSacia v. State*, 469 P.2d 369, 380 (Alaska 1970) (collateral estoppel is an "ingredient" of double jeopardy).

state's failure to prove anal penetration. The testimony at the second trial involved not anal intercourse but the lowering of underpants and the presence of sperm. These facts were not necessarily determined in Piesik's favor at the first trial.[21]

21. *See United States v. Woods*, 484 F.2d 127, 138 (4th Cir. 1973), *cert. denied*, 415 U.S. 979, 94 S.Ct. 1566, 39 L.Ed.2d 875 (1974); *DeSacia v. State*, 469 P.2d at 380. *Cf. Hernandez v. United States*, 370 F.2d 171, 173 (9th Cir. 1966) (if it is doubtful on which of several points the verdict was founded, estoppel will not be applied to any). We note that the United States Court of Appeals for the Fifth Circuit has applied collateral estoppel to "evidentiary" as well as "ultimate" facts, where an attempt is made to "broadly relitigate" a charge to which a verdict of acquittal had been returned. *Blackburn v. Cross*, 510 F.2d 1014, 1019 (5th Cir. 1975); *see also, Wingate v. Wainwright*, 464 F.2d 209, 212 (5th Cir. 1972). Since we do not believe that the sodomy charge was "broadly relitigated," we reserve this issue for a case in which it is appropriately raised.

We likewise find no error as to the remaining contentions of the appellant.

AFFIRMED.