**STATE of Alaska, Appellant,**

v.

**Miguel MICHEL, Appellee.**

**No. 5381.**

Court of Appeals of Alaska.

Oct. 8, 1981.

---

W. H. Hawley, Jr., Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

James G. Robinson and Joel H. Bolger, Alaska Public Defender Agency, Kodiak, and Brian Shortell, Public Defender, Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Miguel Michel was indicted for the crime of assault with a dangerous weapon (former AS 11.15.220). The trial court granted a mistrial at defendant's request and, after hearing argument from the parties, found prosecutorial prejudicial misconduct and entered an order dismissing the indictment and barring retrial. The state has appealed.

The relevant facts are few. During the course of trial, while cross-examining defendant's wife, who was a state's witness, counsel for the state obtained a hearing out of the jury's presence and unsuccessfully sought court permission to impeach her by showing threats by Michel to shoot police officers. The court allowed the state to make an offer of proof by voir diring Mrs. Michel, heard argument, and sustained the defendant's objection to this line of testimony. The jury was recalled and the state resumed cross-examination of Mrs. Michel, during which the state asked her if she had said (during voir dire out of the jury's presence) that she "heard him [defendant] say that he was going to blow somebody's blankety-blank head ...." The defense moved for a mistrial which was granted and later, arguing prosecutorial misconduct, successfully sought dismissal of the indict-

ment on double jeopardy grounds. This appeal followed.

Before proceeding to the merits, it is necessary to resolve Michel's contention that we lack jurisdiction over the state's "appeal." Michel relies on AS 22.07.020(d)(2) which provides:

(d) An appeal to the court of appeals is a matter of right in all actions and proceedings within its jurisdiction except that ... (2) the state has no right of appeal in criminal cases except to test the sufficiency of the indictment or information or to appeal a sentence on the ground that it is too lenient.

Michel also relies on Alaska Rule of Appellate Procedure 202 which provides in relevant part:

*Judgments from Which Appeal May Be Taken.*

. . . .

(c) In criminal cases, the prosecution has a right to appeal only to test the sufficiency of the indictment or on the ground that the sentence is too lenient.

Michel reasons that to "test the sufficiency" of the complaint or indictment is to determine its efficacy as a charging document, *i. e.*, does it state an offense and, by extension, was the evidence submitted to the grand jury or charging authority, resulting in the publication of the indictment or information, adequate? Michel cites cases from other jurisdictions which have strictly construed similar statutory provisions in the manner he suggests. *See, e. g., State v. Garrett*, 228 Or. 1, 363 P.2d 762, 763 (1961); *State v. Ulmer*, 351 S.W.2d 7, 10 (Mo.1961); *State v. Fayle*, 114 Ariz. 219, 560 P.2d 403, 403–04 (1976) (adopting the holding of *State v. Lopez*, 26 Ariz.App. 559, 550 P.2d 113 (1976)).

We reject this interpretation, concluding, after reviewing Alaska law, that the reasons for strictly construing statutes providing for appeals by the government, *i. e.*, to prevent harassment of a defendant by multiple prosecutions draining away his financial resources and subjecting him to the emotional strain of pending proceedings,

are more than adequately answered by the liberal interpretation given the double jeopardy clause of our state constitution. We consider this case as an appeal rather than as a petition for review, *State v. Browder*, 486 P.2d 925 (Alaska 1971), because the judgment herein is unquestionably final, unless reversed. See *Jordan v. Reed*, 544 P.2d 75, 78–79 (Alaska 1975). We therefore conclude that the state may appeal to this court any adverse final judgment of a trial court in a criminal action dismissing an indictment for any reason unless retrial would be barred by the double jeopardy clauses of the state[1] or federal constitutions.[2] We thus construe Alaska law regarding appeals by the government as essentially the same as current federal law. See Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* § 3919 (1976 and Supp. 1980).

We believe this decision is foreshadowed in a number of our supreme court's decisions. In *State v. Shelton*, 368 P.2d 817 (Alaska 1962) the court rejected the argument that a statute, similar to AS 22.07.-020(d)(2), preventing government appeals in criminal cases "except to test the sufficiency of the indictment or information" permitted appeals only where the face of the indictment was found defective. The court reasoned:

> The word "sufficient" has a larger meaning than that. It denotes the concept of adequacy and adaptation to a desired end. An indictment has a purpose—to require a defendant to stand trial for a criminal offense with which he is charged. If it is not adequate to answer the purpose for which it is intended, then it is insufficient, regardless of the fact that it may meet all the formal statutory requisites and have all the appearance of validity. When an indictment is dismissed for any reason, the question of its sufficiency may create an

issue, and this court has the power of review. [Footnotes omitted.]

*Id.* at 820.

In *State v. Keep*, 409 P.2d 321 (Alaska 1965), *aff'g, State v. Keep*, 397 P.2d 973 (Alaska 1965), the court refused review of a judgment favoring the accused where the state conceded retrial was barred by double jeopardy but requested an "advisory opinion" on the law.

Further, in *State v. Browder*, 486 P.2d 925 (Alaska 1971), the court rejected a challenge to its jurisdiction to grant petitions for review based upon *Keep* and AS 22.05.-010, the statute governing appeals to the supreme court, substantially identical in form to AS 22.07.020(d)(2). The supreme court reasoned:

> [E]rroneous rulings involving important questions of constitutional law will be made during a trial, or at the superior court appellate level, in favor of an accused. How are such mistakes to be corrected? Neither AS 22.05.010 nor Alaska's constitutional prohibition against double jeopardy requires that an erroneous non-final order or decision, favorable to the accused, must stand uncorrected
> . . . .

*Id.* 486 P.2d at 931.

Finally, in *State v. Marathon Oil Co.*, 528 P.2d 293, 295–296 (Alaska 1974), the court permitted a further appeal to it by the state after a defendant obtained an acquittal at the intermediate appellate level, reasoning that AS 22.05.010 was intended to implement constitutional protection for double jeopardy and was not infringed by allowing a subsequent appeal by the state where the defendant prevailed on the first appeal following his conviction.

Read consistently with *Shelton* and *Keep*, we believe that the supreme court in *Browder* and *Marathon Oil* was recognizing the

---

1. Article 1 § 9 of the state constitution states: "No person shall be put in jeopardy twice for the same offense."

2. The fifth amendment to the United States Constitution provides in pertinent part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." This provision is applicable to the states through the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

fact that some erroneous final orders would bar retrial under the double jeopardy clause, but that erroneous non-final orders would not. Thus, we conclude, reading all of our supreme court cases together, that AS 22.05.010, governing appeals to the supreme court, and AS 22.07.020(d)(2), governing appeals to this court, will bar prosecution appeals only where double jeopardy would bar retrial if the appeal was successful.

Unfortunately, the record is not sufficient to determine the double jeopardy issue. The parties recognize that double jeopardy normally does not preclude retrial where a mistrial is declared at defendant's request. *Piesik v. State*, 572 P.2d 94, 96 (Alaska 1977). They likewise agree that mere negligence on the part of the prosecutor resulting in a mistrial will not bar retrial. *Muller v. State*, 478 P.2d 822, 827 (Alaska 1971). Finally, they agree that where the prosecutor, motivated by a desire to avoid an acquittal in a case which is going badly, engages in purposeful misconduct forcing the defendant to move for and the court to declare a mistrial further prosecution will be barred by double jeopardy. *Piesik v. State*, 572 P.2d at 97; *Torres v. State*, 519 P.2d 788, 791 (Alaska 1974); *Muller v. State*, 478 P.2d at 827.

The parties disagree as to whether "gross negligence" by the prosecutor, resulting in a mistrial, will bar a retrial. Michel cites *United States v. Martin*, 561 F.2d 135 (8th Cir. 1977), for the proposition that it should, while the state cites *United States v. Leonard*, 593 F.2d 951 (10th Cir. 1979), for the proposition that an intent to abort the trial is required before double jeopardy will preclude retrial. Our supreme court expressly reserved the issue in *Piesik v. State*, 572 P.2d at 97 n. 16.

The trial court, in its written decision dismissing the indictment, found that the mistrial was a result of "prejudicial prosecutorial misconduct" barring retrial. It is not clear whether the court found the misconduct to be merely negligent, grossly negligent, or intentional, or in context, what he understood these terms to mean. Therefore, the case must be remanded for further findings of fact and conclusions of law.[3]

The judgment of the superior court is vacated and the case REMANDED for the entry of findings of fact, conclusions of law and a new judgment.

---

**3.** Dismissal of a prosecution without a determination of guilt or innocence may be necessary to vindicate constitutional rights. Nevertheless, the community, apart from the state government and its prosecutors, has a substantial interest in seeing the guilty punished. Consequently, whenever a judge feels that a dismissal is required, under circumstances not determining guilt or innocence, he should make explicit findings of fact and conclusions of law to explain his decision to the parties and the public and to enable intelligent review by this court. *Cf.* Civil Rule 52 (findings of fact and conclusions of law required in civil cases).